FRUGÉ, Judge.
This is a suit for damages which resulted from an automobile accident. At the trial, counsel stipulated that: (1) the named insurer provided coverage; (2) there was liability on the part of the named defendants, and (3) the only issue for trial was that of quantum. The trial court awarded $575.25 to plaintiff, William C. Rutledge, individually, for medical expenses incurred for the treatment of his son, and $10,930.00 to him as administrator for his minor son. The award for William E. Rutledge, the injured minor, consisted of $10,000.00 for the loss of three teeth, pain, suffering, and other injuries and $930.00 for future medical expenses.
On this appeal defendant-appellant contends that the award of general damages is excessive and that the award of $930.00 for future medical expenses is conjectural. We affirm.
After the accident Rutledge was taken to the office of his family doctor, Dr. Joseph A. Thomas. Dr. Thomas’s examination revealed that Rutledge had suffered injuries to his chin, multiple lacerations about his face and lower lip, contusions and abrasions on both knees, injuries to his teeth, and contusions about his body. The lacerations on Rutledge’s lower lip had to be sutured. Rutledge testified that he suffered pains in his chest, shoulders and arms. He recovered from his non-dental injuries in approximately four weeks. However, he had more serious dental injuries.
Dr. Thomas referred Rutledge to Dr. J. T. Melancon, a dentist. Dr. Melancon’s examination revealed that the top, front of Rutledge’s mouth was bruised and injured. The upper left central incisor was knocked out completely. The teeth on each side of that one were broken and very loose. Additionally, four lower front teeth were chipped and cracked. At the time Melan-con examined Rutledge, he was very upset over the loss of his teeth, as well as being in pain. Rutledge’s mouth had to heal for six weeks before he could undergo the trauma of taking an impression for a temporary plate. On January 4, 1972 he was fitted with a temporary plate to replace the one tooth knocked out. The teeth on either side of the lost tooth became dead and had to be extracted and replaced on March 3, 1972. Rutledge’s mouth was sore for approximately three additional weeks after the last two teeth were removed. Additionally, he will have to be refitted for a plate approximately two years from the time of trial and again approximately five years from the time of trial. Dr. Melancon testified that a dental plate has approximately 50% efficiency as compared with natural teeth in the front area. Such an appliance must by cleaned each time something is eaten. Rutledge’s injuries also will require that he see a dentist four times a year in the future instead of the normal two times a year. He also testified that Rutledge would have continuous problems enunciating phonetic sounds. Rutledge was 17 years old when the accident occurred. He was very self-conscious about his appearance.
We recently summarized the law as to awards of general damages in Tubbs v. Allstate Insurance Company, 238 So.2d 395, 397 (La.App. 3rd Cir., 1970) as follows:
“Much discretion is vested m the trial judge in determining the amount which should be awarded to an injured claimant as general damages. Awards made in other similar cases may and should be considered, however, to determine whether the amount allowed in a particular case is ‘all out of proportion with previous awards made for somewhat similar injuries’, and thus whether the trial judge has abused his discretion which is vested in him. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964).”
We have been cited to many cases involving dental injuries. The awards range from amounts much lower than this award *621 for minor injuries to amounts higher than the instant award for dental injuries in addition to other serious injuries. We have reviewed all of these cases carefully. However, no useful purpose would be served by citing or discussing them here. After careful study of the record, and the awards made in similar cases, we conclude that the amount which the trial judge awarded plaintiff as general damages was within the great discretion allowed in such matters.
The future medical expenses allowed are correct for this is the estimated cost of replacing Rutledge’s temporary bridge. Dr. Melancon testified that because of bone shrinkage after the extraction of the teeth, Rutledge would need at least one more temporary bridge before a permanent bridge could be fitted. The accident caused these future expenses. That they will have to be incurred is established in the record. Therefore, the award of future medical expense was correct. Welch v. Ratts, 235 So.2d 422 (La.App.2nd Cir., 1970).
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendants-appellants.
Affirmed.
MILLER, J., assigns additional reasons.