LOTTINGER, Judge.
On December 20, 1970, A. F. Fraizer, plaintiff-appellee, parked his 1965 Pontiac automobile on the parking lot of the Cov-ington Country Club which is near the Tchefuncta River. Shortly after the car was parked, Darlene Day, the minor daughter of Warren Day, entered Fraizer’s automobile alone, and while she was therein, the vehicle rolled down a slight slope *357 toward a boat ramp adjacent to the Tche-functa River and into the river where it was submerged. Fraizer filed a suit against Warren Day, individually, and as administrator of the estate of the minor Darlene Day, to recover property damages resulting from his automobile becoming submerged in the river.
Warren Day, individually and as the administrator of the estate of his minor daughter Darlene Day, filed an answer and joined by Mrs. Warren Day reconvened on behalf of their minor daughter for damages alleged to have been sustained by their daughter as a result of plaintiff’s automobile rolling into the river while their daughter was in the vehicle. Furthermore, Warren Day and Mrs. Warren Day, as third party plaintiffs on behalf of their minor daughter, made the Covington Country Club a third party defendant.
After a trial on the merits the reconven-tional demand against plaintiff was dismissed, and the third party suit against the Covington County Club was dismissed. There was judgment in favor of plaintiff, Fraizer, and against the defendant, Warren Day, individually and as administrator of the estate of Darlene Day in the full sum of $1,250.00, with legal interest from judicial demand until paid, defendant to pay costs. From this judgment the defendant-appellant, Warren Day, appealed.
On March 18, 1974, this matter was first argued on appeal, 292 So.2d 870, and this court reversed the judgment of the Lower Court and held that rather than Mr. Day, his former wife, Mrs. Day, because she had been granted the custody of her minor daughter, became responsible for damages occasioned by her minor child. Though Mr. Day declared that he was the administrator of the estate of his minor daughter in certain pleadings, in law he was not the administrator of her estate under the provisions of C.C. Arts. 250, 253, and 2318. Therefore, this court held that the defendant, Warren Day, was not estopped from denying liability for negligent acts of his daughter. Plaintiff was granted a writ of review by the Supreme Court of Louisiana, 294 So.2d. 832. The Supreme Court of Louisiana reversed the judgment of the Court of Appeal, 307 So.2d 733, and held that Warren Day, as the father of Darlene Day, was not liable individually for the negligence of his daughter but that he waived his objection to suit in the procedural capacity as administrator of the estate of his minor daughter by appearing in that capacity. The Supreme Court further held that the evidence supported the finding of the Lower Court that the automobile damage was caused by the negligence of Darlene Day in moving the gear shift of the vehicle with the result that it rolled into the river. The Supreme Court of Louisiana remanded this case to this court solely for the assessment of damages.
As we stated previously, the Lower Court rendered judgment in favor of plaintiff for damages in the amount of $1,250.-00. Defendant asserts that plaintiff proved no damages at the time of trial. Over the objection of the defendant, the Trial Court allowed the admission of an estimate made by the body shop of an automobile dealer. This estimate was clearly hearsay inasmuch as the defendant was not able to cross examine the person who made the estimate.
Let us review the evidence properly before the Lower Court on which it had to base its judgment. Wrecker service for getting the automobile out of the river costs $110.00 and was paid for by Mr. Fraizer, Sr. on behalf of his son. Mr. Fraizer, Sr. purchased parts at wholesale prices which totaled $376.71. Plaintiff testified that he personally incorporated into the automobile the materials represented by the bills admitted into evidence. Defendant, without citing any authority, argues that the parts paid for by plaintiff’s father should not be considered an item of damages inasmuch as plaintiff was under no obligation to repay his father. The arrangement between plaintiff and his father *358 seems immaterial. It is the fact that these parts were damaged and had to be replaced due to the acts of defendant that is determinative of plaintiff’s recovery. In addition to the items paid for by plaintiff’s father, plaintiff himself paid $63.00 to replace the crankshaft and $45.00 to have each of the bumpers repaired. Plaintiff also replaced one piston for $20.00. The labor required by plaintiff was testified to in great detail including body work and repainting. Plaintiff testified that it took him eight or nine months working after school to put the automobile back into the top condition it was in at the time of the accident. Furthermore, plaintiff was deprived of the use of his automobile during this time. The total out of pocket cash expenditure by plaintiff and his father comes to $659.71. There was testimony that most of the parts were purchased at wholesale rather than retail. At any rate, the Lower Court has awarded an additional $590.29 which we must interpret as being for labor expended by plaintiff in the repair of his vehicle. The Lower Court was in a position to hear the testimony of the plaintiff and determined for itself the sincerity of this young man. We are impressed by the record that plaintiff expended much effort in returning this vehicle to top condition, and defendant has presented no evidence to contradict plaintiff’s testimony as to the time spent. It is well settled that an appellate court can substitute its findings of fact for those of the Trial Court only if the findings of the Trial Judge are manifestly erroneous. We feel that there was sufficient evidence on which the Trial Judge reached his award of automobile damages, and that he was not manifestly erroneous in doing so. Therefore, we affirm the Judgment of the Lower Court of damages in the amount of $1,250.00.
For the above and foregoing reasons, the judgment of the Lower Court is affirmed as amended by the Supreme Court of Louisiana to be against the defendant Warren Day in his capacity as administrator of the estate of Darlene Day only and not against him in his individual capacity, all costs of court, including the costs of appeals, are to be paid by defendant-appellant, Warren Day, in the capacity as administrator of the estate of Darlene Day.
Judgment affirmed.