419 So.2d 6 (1982)
James L. BOCK, Individually and as Administrator of the Estate of his Minor Son, James L. Bock, Jr.
v.
Mrs. Elizabeth BURNHAM and Donald Burnham, Individually and as Administrators of the Estate of their Minor Son, Mark Toca.
No. 13042.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1982.
Rehearing Denied September 24, 1982.
*7 Edmund T. Wegener, Jr., New Orleans, for plaintiffs-appellees.
Harriet R. Campbell Young, New Orleans, for defendants-appellants.
Before GULOTTA, GARRISON and BARRY, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court granted pursuant to a confirmation of a default, awarding to James Bock as administrator of the estate of his minor son, James Bock, Jr., the amount of $15,000.00 for damages sustained by him when the minor Mark Toca attacked Bock, Jr. with a pool cue, resulting in the loss of three teeth, lacerations of the lip, root canal work, teeth replants, wiring of the jaw for two months and a secondary infection resulting in a painful swelling. The judgment further awarded $898.01 of the $1,076.98 of medical and pharmaceutical bills to James Bock individually. From that judgment, Donald Burnham and Elizabeth Burnham appeal.
Suit was filed against Donald Burnham and Elizabeth Burnham as follows:
"That defendant, Mark Toca, is a minor child of defendant Mrs. Elizabeth Burnham from a prior marriage, and that on information and belief, defendant Donald Burnham is the adoptive father of the minor, Mark Toca, and that therefore defendants Mrs. Elizabeth Burnham and Donald Burnham, or one of them, are the proper parties defendant to represent the minor, Mark Toca."
Personal service was made on Donald Burnham on May 14, 1981. On that same day, service was made on Elizabeth Burnham by leaving service with "her husband." The Burnhams filed no exceptions or answers and made no appearances. Consequently, a default judgment was taken against them. Mrs. Burnham was personally served with the confirmation of default on August 14, 1981. On August 21, 1981, both Burnhams filed a motion for new trial which was denied.
On appeal the Burnhams argue that the judgment of the district court is improper because the plaintiffs failed to carry their burden of proof when plaintiffs failed to prove:
(1) that Mike Toca was or was not an emancipated minor;

*8 (2) that Donald Burnham was or was not the adoptive father of Mike Toca;
(3) that Donald Burnham or Elizabeth Burnham were or were not the proper legal representatives of Mike Toca;
(4) that Elizabeth Burnham did or did not have legal custody of Mike Toca;
(5) that Mike Toca's natural father was or was not the proper legal representative of the minor; and
(6) that the natural father did or did not have legal custody of Toca.
Indeed, defendants place a heavy burden of proof of capacity on the plaintiffs. Such a burden, however, is not the law.
C.C.P. Art. 855 provides as follows:
"It is not necessary to allege the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a legal entity or an organized association of persons made a party. Such procedural capacity shall be presumed, unless challenged by the dilatory exception."
Either plaintiff or defendant has standing to assert the dilatory exception of lack of procedural capacity. Frazer v. Day, 307 So.2d 733, appeal after remand 315 So.2d 356 (La., 1975). Additionally if the exception of lack of procedural capacity is not timely filed it is waived. Frazer v. Day, above; Davis v. Bankston, 192 So.2d 614 (La.App. 3rd Cir., 1966); Nicosia v. Guillory, 322 So.2d 129 (La., 1975). In the instant appeal, defendants are indicated as having been timely and properly served and consequently it must be concluded that they had the opportunity to raise the issue. Having apparently failed to raise the issue by dilatory exception, defendants must be regarded as having waived the issue.
Appellants further argue that plaintiffs failed to carry their burden of proof because the testimony presented included a great deal of hearsay and that the amount awarded is excessive.
Hearsay testimony must be objected to at trial in order for the issue of hearsay to be preserved for appeal. As no objections were made at trial, the hearsay issue is not properly before this court and need not be addressed.
Turning to the issue of quantum, we note that the standard of review is whether the amount awarded constitutes a clear abuse of discretion. The jurisprudential range for this type of injury ranges from $18,000.00 [Johnson v. McKay, 306 So.2d 417 (La.App. 3rd Cir., 1975)] down to $10,000.00 [Rutledge v. Century, 280 So.2d 619 (La.App. 3rd Cir., 1973)]. While an examination of the jurisprudence is one factor to be considered, the court must also consider the effect of this individual injury on this individual plaintiff. As a result of the attack, James Bock, Jr. underwent teeth implant procedures. When the teeth were rejected, he was forced to undergo root canal work, which subsequently became infected, resulting in swelling and soreness of the entire face. His mouth was wired for two months, severely affecting his ability to speak and eat. In light of the factors considered, we cannot find that the amount awarded constitutes a clear abuse of discretion.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.