GARRISON, Judge.
Plaintiff, John Fiorita, was injured on May 8, 1979 while egressing from the vessel ABC onto a dock operated by the Elec-tro-Coal Transfer Corporation. Plaintiff filed a petition for damages under maritime and tort law on May 8, 1980 in the Twenty-Fifth Judicial District Court in Plaquemines Parish. In this petition, plaintiff incorrectly named the “Electric Coal Company” as a defendant. The correct name of this party is the “Electro-Coal Transfer Corporation”.
Service was made on the “Electric Coal Company” through the Secretary of State on May 19, 1980. Upon learning that the incorrect name of the defendant had been used on the petition and on the service of process, the plaintiff’s attorney mailed a letter to the Electro-Coal Transfer Corporation on June 24, 1983 advising them that the personal injury action had been instituted three years earlier. This letter was received by the defendant on June 28,1983. *5 Electro-Coal Transfer claims that this letter constituted their first notice and knowledge that an action had been instituted against them by the plaintiff.
On July 22, 1983, the defendant filed exceptions of insufficiency of service of process, insufficiency of citation and vagueness. These first two exceptions were based upon La.C.C.P.Art. 1261 which specifies that service of citation and/or process on a domestic corporation must be made by personal service on any one of its agents designated to receive service of process. The plaintiff cured these defects by amending his citation to show that service of process should be made on Electro-Coal through its designated agent. This agent was personally served on August 15, 1983 and these two exceptions were subsequently dismissed. The vagueness exception was also dismissed after the plaintiff agreed to submit to appropriate discovery and/or appropriate amendment to the petition. The defendant then filed the peremptory exception of prescription alleging that more than one year had elapsed between the injury and the service of process made on the defendant in accordance with C.C.P. 1261. The trial judge maintained this exception and dismissed the plaintiffs action. From this judgment, plaintiff appeals.
On appeal, the plaintiff alleges that:
(1) the trial court erred in finding that the defendant did not have sufficient notice of the action to permit the amended service to relate back to the filing of the original petition.
(2) the trial court erred in not ordering amendment of the petition to reflect the proper name of the defendant so that this amendment could relate back to the date of the filing of the original petition.
An amended petition relates back to the date of filing of the original pleading when the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. La.C.C.P.Art. 1153. In the case of Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), the Louisiana Supreme Court established the following criteria for determining whether C.C.P.Art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
The defendant concedes that plaintiff’s amendment satisfied # 1, # 3 and # 4 of this criteria; however, the defendant claims that the plaintiff did not satisfy the second requirement in this list. The defendant alleges that it did not receive notice and had no knowledge of the institution of the action until the receipt of plaintiffs letter dated June 24, 1983. Therefore, the defendant did not conduct an investigation of this accident and claims that it would now be substantially prejudiced in maintaining a defense on the merits because four years have elapsed since the accident in question. The plaintiff contends that the defendant had knowledge of the plaintiff’s accident and injuries because an employee of the defendant drove the plaintiff to a hospital following the accident. Therefore, plaintiff claims that the knowledge of the defendant’s employee was imputed to the defendant and that this knowledge put the defendant on notice of the possible institution of an action.
We agree with the defendant’s arguments that it is unfair to require a party *6 to initiate an investigation in anticipation of litigation and that knowledge of an injury does not constitute notice of the institution of an action. The defendant’s designated agent for service of process was not properly served with notice of this action until August 15, 1983, more than four years after the plaintiff sustained his injuries. The trial judge was correct in maintaining defendant’s exception of prescription and in dismissing plaintiff’s action. To do otherwise would result in prejudice to the defendant in maintaining a defense on the merits because the original pleading which incorrectly named the defendant as the “Electric Coal Company” and which improperly directed service to be made on the Secretary of State did not give notice to the Electro-Coal Transfer Corporation of the institution of an action against them by the plaintiff.
Therefore, the judgment of the trial court is affirmed.
AFFIRMED.