WARD, Judge.
Budget Rent a Car of New Orleans, Inc. (Budget) appeals a Trial Court judgment finding it the primary insurer on its rental vehicle, affording its rental driver $100,-000/$300,000 liability coverage plus $25,000 in property damage insurance; and ordering it to reimburse Insurance Company of North America (INA) $32,857.50 plus interest, costs and attorney’s fees. We affirm the ruling of the Trial Court subject to the exclusion of interest on the award.
Bill T. McFarland, acting for himself and his minor child sued Diana and Roy S. Mitchell and their minor son, Randall, for injuries sustained in a 1981 automobile accident. McFarland also sued Budget as the owner and insurer of the Mitchells’ rental car and INA as Mr. and Mrs. Mitchell’s automobile liability insurer.
Budget and INA settled McFarland’s claim, each paying $32,857.00, one-half of the $66,500 settlement amount. They then cross-claimed one another seeking reimbursement of their settlement contributions, each claiming the other provided primary liability coverage to the Mitchells.
The INA policy provides coverage for Diana and Roy Mitchell when no other liability insurance is available to cover the loss or when other insurance is inadequate. Budget on the other hand provided to either the renter, Diana Mitchell, or to the named additional driver, Roy Mitchell, policy limits of $100,000 liability coverage for injury to one person.
At the November 12, 1987 settlement agreement hearing, Budget and INA stipulated that the only issues in their incidental actions concerned the identity of the driver of the rental car at the time of the accident and depending upon the resolution of that issue, the amount of insurance provided that driver under the rental agreement.
Conflicting statements of parties and accident investigation reports clouded the issue of driver identity. Budget, however, argued that based on information supplied by the Mitchells, their minor son Randall was the driver; and because Randall, a licensed driver, was not named as an additional driver on the rental agreement, it must only provide minimal statutory liability coverage of $5,000, the minimum required at the time of the accident.
Conversely, INA maintained that Roy Mitchell was the driver, and that he was named in the rental contract as an additional driver, and that the rental contract clearly affords liability coverage for a named additional driver in limits of $100,-000/$300,000, plus $25,000 in property damage coverage. Paragraph 7 of the Budget rental agreement reads in pertinent part:
... Vehicle is covered by a Liability Insurance policy, a copy of which is available for inspection by Renter at Miami Office of BUDGET. Said policy contains bodily injury or death liability limits of $100,000 per person and $300,000 per occurrence plus property damage liability limit of $25,000 per occurrence ...
Alternatively, INA argues that if in fact Randall was driving, he did so with the permission of and at his parents’ request, for their benefit; therefore, R.S. 32:900, the Louisiana Safety Responsibility statute, mandates that Budget extend Randall the coverage referred to in Paragraph 7 of the rental agreement.
LSA-R.S. 32:900B(2) [a motor vehicle liability policy] [s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured
******
*1187 In addition, INA argues that the Mitchells are vicariously liable for the acts of their minor son.
Following a trial on the merits of the cross-claims in which the Court heard the testimony of McFarland and the investigating police officer and received into evidence the depositions of Mr. and Mrs. Mitchell, Randall Mitchell and Mary Boudreaux, a guest passenger in the McFarland vehicle, the Trial Judge ruled in INA’s favor.
The police officer’s testimony showed that both the Budget accident investigation report and the officer’s report indicating Randall was the rental car driver at the time of the accident were based upon false information supplied by Diana and Roy Mitchell, and their son, Randall. Bill McFarland’s testimony that Mr. Mitchell was the driver is corroborated by the deposition of Mary Boudreaux, McFarland’s guest passenger.
Although the Trial Judge failed to provide written reasons or findings of fact for her judgment, apparently the Judge decided the issue of credibility in favor of McFarland, determining that Mr. Mitchell was the driver of the Budget rental car. Since Budget contractually agreed to provide him primary liability insurance coverage of $100,000/$300,000, plus $25,000 in property damage insurance, Budget must reimburse INA for its settlement contribution.
The Trial Court’s findings of fact and judgment are supported by the record and in the absence of manifest error, we will not disturb that finding. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In reviewing these proceedings, we note the parties stipulated that any sums adjudged reimbursable would be exclusive of interest. 'The transcript of that stipulation reads:
Whatever sums that Budget could be reimbursed by INA or what sums INA can be reimbursed from Budget would be the amount that they have paid to the plaintiff, interest will be waived and excluded by both parties.
Notwithstanding the stipulation, INA argues that the agreement applied only to interest before trial and that interest is due from the date of judgment. The stipulation says interest will be waived and there is no. definitional limitation of “interest”. To the extent the judgment contradicts the interest waiver stipulation, it is amended to exclude interest. In all other respects, the judgment of the lower court is affirmed; all costs of the appeal are assessed to Budget.
AFFIRMED AS AMENDED.