CIACCIO, Judge.
Defendant, Jerome Johnson, appeals a default judgment of $10,083 rendered against him on December 2, 1986. We vacate the default judgment and remand the case for further proceedings.
Carrier Limousine Service, Inc. (CARRIER) sued Jerome Johnson for damages and attorneys fees for breach of contract based on fraud. After proper service and all legal delays CARRIER confirmed a default judgment “awarding the sale price of $6,000.00, repair costs of $3,038.00, insurance costs of $825.00 and advertisement costs of $220.00, for a total of $10,083.00”. The judgment is silent as to the rescission of the sale or the return of any property which was the subject of the sale and was in the possession of the plaintiff. JOHNSON timely filed a motion for new trial, which was denied, and he then filed a sus-pensive appeal.
Defendant argues two grounds for reversal, first, that the evidence offered by plaintiff was insufficient to prove a prima facie case and, secondly, that the evidence presented was at a substantial variance with the pleadings. We do not address the second assignment of error.
Louisiana Code of Civil Procedure Articles 1702 and 1703 govern default judgments, and provide in pertinent part:
La.C.C.P. Art. 1702. Confirmation of default judgment
*23 A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.
* * * * * *
La.C.C.P. Art. 1703. Scope of Judgment A judgment by default shall not be different in kind from or exceed in amount that demanded in the petition.
Louisiana Civil Code Article 1846 further provides:
Art. 1846. Contract not in excess of five hundred dollars
When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.
If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.
CARRIER’S petition alleged a verbal agreement with JOHNSON in November, 1984 wherein CARRIER agreed to pay JOHNSON $6,000 for the purchase of JOHNSON’S 100% ownership in Jerome Limousine Service, Inc. (JEROME LIMO.)[1]
It further alleged that JOHNSON led petitioner to believe that JEROME LIMO owned CPNC Number 809 issued by the City of New Orleans which would be trans-ferrable to the purchaser.[2]
Subsequent to the payment of the purchase price and after operating the limousine owned by JEROME LIMO, for several months petitioner claims to have learned that the CPNC was not owned by JEROME LIMO, and was not transferrable. Petitioner claims that JOHNSON was guilty of fraud in representing that the CPNC was owned by JEROME LIMO, and was trans-ferrable into petitioner’s corporation. CARRIER alleged that it was entitled to a rescission of the sale and damages of $15,-000, but the petition gave no itemization of damages whatsoever.
In order to prove a prima facie case for a default judgment plaintiff had to prove:
1) The existence of a verbal contract to purchase the stock of the corporation from defendant for $6,000.
2) Payment of the purchase price to the defendant.
3) Fraudulent misrepresentations by the defendant which would allow rescission of the sale, return of the purchase price and damages to plaintiff.
At the confirmation hearing plaintiff called Chris Sevoka as its only witness. He testified that he was the sole stockholder of CARRIER, and that CARRIER had entered into an agreement with the defendant to purchase Jerome Johnson Limousine Service, Inc. with the understanding that JEROME LIMO, had as its primary asset a limousine and a CPNC which authorized its owner to transport passengers for hire in New Orleans. Sevoka further testified that in November, 1984, the purchase of JEROME LIMO, took place when Forrest E. Prater, a former stockholder of CARRIER, paid the purchase price of $6,000 by issuing his cheek for $6,000, payable to “Cash”, and that the defendant received the proceeds of the check. He further testified that CARRIER operated the limousine owned by JEROME LIMO, until March of 1985 when Sevoka discovered that he could not get the CPNC renewed or transferred into the name of CARRIER.
Although the transcript recites the offer in evidence of a cancelled check dated August 31,1984, no such check is found in the record. The record does contain a photocopy of the face of a check drawn on the account of Forrest E. Prater, dated August 31, 1984 payable to the order of “Cash”, but there is no evidence of the endorsement on the reverse of the check. The check is dated at least two months prior to the date of the alleged purchase. It is not made payable to the defendant and there is no proof that it was issued to the defendant or that the defendant received the proceeds thereof other than the testimony of Sevoka.
*24 In order to prove a prima facie case for the existence of the verbal purchase agreement and payment of the purchase price plaintiff was required to offer one credible witness and other corroborating circumstances. La.C.C. Art. 1846. The photocopy of the face of the check does not furnish any corroboration. Absent proof of the defendant’s endorsement, or the testimony of the maker of the check, the check itself is mere hearsay insofar as it was offered to prove that it was issued to JOHNSON and that he received the proceeds. No stock certificates were offered in evidence to substantiate their transfer from JOHNSON to CARRIER. The repair bills and advertising contract had no probative value with regard to the existence of the purchase agreement and the payment of the purchase price. Hearsay testimony not admissible under any recognized exception cannot form the basis of proving any essential element of a prima facie case on confirmation of a default judgment. See C & V Gravel v. Maco Const. Corp., 465 So.2d 938 (La.App. 2nd Cir., 1985); Allen v. Brandt, 438 So.2d 712 (La.App., 2nd Cir., 1983).
Accordingly we find that plaintiff failed to present a prima facie case to prove the existence of the verbal agreement to purchase the stock or the payment of the alleged purchase price to defendant, and it was error for the trial judge to grant a default judgment on the evidence offered. C.C.P. Art. 1702. For the foregoing reasons, the judgment of the trial court is vacated and this case is remanded to the trial court for further proceedings. Assessment of costs is deferred until disposition of these proceedings by the trial court.
REVERSED AND REMANDED.

. We interpret this allegation to mean the purchase of all of the stock of that corporation.

. We conclude that CPNC refers to a certificate of public necessity and convenience which is a license to operate a taxi or limousine.