DOMENGEAUX, Chief Judge.
Russell Ware filed this products liability action, alleging he was injured on February 17, 1984 while operating a defective tire changing machine. He alleged the defective equipment was manufactured by the defendant, The Coats Company, Inc.
The Coats Company, Inc. initially responded to the plaintiffs petition by filing an exception of lack of procedural capacity to be sued, alleging that the corporation had been dissolved in 1979. The record reveals no further action was taken on this exception.
Later, The Coats Company, Inc. filed a motion for summary judgment based upon the same allegations in the previously filed exception. In support of the motion, the defendant offered the affidavit of Mr. Jim Holliday, former director of engineering at The Coats Company, Inc., who stated he possessed personal knowledge that the corporation was dissolved as a legal entity in May of 1979. The defendant also introduced a copy of an amendment to the articles of incorporation of “Hennessy Industries, Inc.” which stated that The Coats Company, Inc., an Iowa domestic corporation, merged into Hennessy Industries, Inc. The amendment identified Hennessy Industries, Inc. as “a Del. corp. qual. May 16, 1979 with a qualifying Assumed Name THE COATS COMPANY, INC.”
In opposition to summary judgment, the plaintiff introduced the affidavit of legal secretary Shirley Brady who stated that on December 18, 1986 she telephoned The Coats Company, Inc. and was informed that the company was a going concern engaged in the manufacturing of tire changing machines with the business address of “The Coats Company, Inc., 1601 J.P. Hennessy Drive, Laverne, Tennessee 37086, Phone: 1-615-793-7533.”
After a hearing, the trial court granted the defendant’s motion and dismissed plaintiff’s suit without prejudice. Plaintiff now appeals this adverse ruling.
The burden placed on the mover for summary judgment was articulated in the Supreme Court case of Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981):
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *1365 genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Mashburn v. Collin, 355 So.2d 879 (La.1977). To satisfy his burden the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Adickes v. S.H. Kress & Co., supra; Sartor v. Arkansas Nat. Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). The papers supporting mover’s position are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the mover has satisfied his burden. Adickes v. S.H. Kress & Co., supra; 6 Moore’s Fed.Practice, § 56.15[3],
397 So.2d at 493.
Viewing the evidence supporting defendant’s motion in the strict light required by Vaughn, we find defendant has not proved the absence of a genuine issue of material fact. The certificate produced by the defendant identifies Hennessy Industries, Inc. as the entity surviving the merger with The Coats Company, Inc. However, the certificate also identifies “The Coats Company, Inc.” as a “qualifying Assumed Name” of the survivor. Without further explanation as to the meaning of this notation, we are unable to conclude that plaintiff has named an improper defendant in this suit.
The other supporting document offered by the defendant, the affidavit of Mr. Holli-day, sheds no further light on this issue. Mr. Holliday states only that as former director of engineering for The Coats Company, Inc., he has personal knowledge of the corporation’s dissolution in 1979. Mr. Holliday does not state the basis of this knowledge, nor does he provide any information regarding the correct name of the surviving corporation.
For the above and foregoing reasons, the judgment of the trial court granting the motion for summary judgment filed by The Coats Company, Inc. is reversed, and the case is remanded to the trial court for further proceedings not inconsistent with this opinion. Costs of this appeal are assessed to defendant-appellee.
REVERSED AND REMANDED.