LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
Russell G. Ware filed this tort suit on February 15, 1985, for damages arising from an accident which occurred on February 17, 1984. Named as defendant was The Coats Company, Inc., alleged manufacturer of the machine which Ware claimed caused his injuries. Subsequent investigation revealed that the correct name of the alleged manufacturer of the machine in question is actually Hennessy Industries, Inc., which took over The Coats Company, Inc. in 1979. Ware amended his petition on January 5, 1990, to name Hennessy Industries, Inc. as the proper defendant. The trial court granted both Hennessy’s exception of prescription and a previously filed exception of lack of procedural capacity in favor of The Coats Company, which judgments are now before us for review. We reverse in part and remand.

BACKGROUND

The trial court’s reasons for ruling indicate that he granted defendants’ exceptions in part because of the long delay in the plaintiffs prosecution of this ease. Accordingly, we will briefly review the procedural history. After plaintiff filed suit in February of 1985, The Coats Co. filed its exception of lack of procedural capacity the following month. The exception was not ruled on, and no other pleadings were filed until September of 1986 when The Coats Co. filed a motion for summary judgment, which was granted in January of 1987. However, no notice of judgment was sent to Ware until 1990, at which time he appealed. This court reversed the summary judgment in December of 1991, 590 So.2d 1364.
In the meantime, Ware had obtained new counsel who filed an amended petition in January of 1990 naming Hennessy as a defendant. Hennessy responded by filing the exception of prescription at issue herein. The exception of prescription and the aforementioned exception of lack of procedural capacity were heard in 1993, and both were granted. Ware’s case was again dismissed.

FACTS

The facts pertinent to the prescription issue are not contested. In 1979, The Coats Co. merged into Hennessy Industries, a Delaware corporation. Afterwards, The Coats Co. was viable only as a trade name and only for use in the State of Iowa. However, when Ware’s counsel initiated this suit and attempted to locate an address for The Coats Co., he was given a Tennessee address (1601 J.P. Hennessy Drive in Laverne, Tennessee) which plaintiff asserts in brief is also the address for Hennessy Industries.
*589 Throughout this litigation, the interests of both The Coats Co. and Hennessy Industries have been one and the same and they have been represented by the same attorney. Plaintiffs counsel, as evidenced by an affidavit submitted by his secretary, was initially given misleading information about the via,-bility of The Coats Co. as a corporate entity. However, any confusion on the part of plaintiffs counsel would have been cleared up almost two years later when The Coats Co. filed, as an exhibit in support of its motion for summary judgment, a copy of a corporate document showing that The Coats Co., Inc. had merged into Hennessy Industries, Inc. Hennessy was properly named as a defendant in an amended petition filed three years after that information came to light. Hennessy contends and the trial judge found that this three year delay prejudiced Hennessy in its defense of this law suit.

LAW

In Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), the Supreme Court established four criteria for determining whether an amended petition, which corrects the name of an incorrectly named defendant, relates back to the filing of the original petition for purposes of prescription and La.C.C.P. Art. 1153. These criteria are as follows:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Ray, 434 So.2d at 1087.
Subsequent to Ray, the Supreme Court in Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990), discussed the Ray criteria along with La.C.C.P. Art. 1153 and its source article, Fed.R.Civ.P. 15(c). The court noted that these rules serve to prevent “unjust results when a plaintiff, confronted with a maze of closely related corporate or governmental entities, initially chooses the wrong one to sue, unless prejudice exists.” Find-ley, 570 So.2d at 1172.
This court in Sonnier v. Norwood Construction Co., Inc., 617 So.2d 580 (La.App. 3d Cir.1993), relied on the Ray criteria to determine if an amended petition related back to the filing of the original petition for purposes of prescription. The amended petition was filed three months after the original petition to correctly name the defendant, Norwood Industrial Painting, Inc., which had been improperly named in the original petition as Norwood Construction Co. The court addressed each of the four requirements of Ray and concluded that the defendant’s exception of prescription should have been overruled. See also Abercrombie v. Pierret Realty and Construction, 532 So.2d 212 (La.App. 3d Cir. 1988); Montminy v. Jobe, 600 So.2d 121 (La.App. 2d Cir.), writ denied, 604 So.2d 1003 (La.1992); Cortinez v. Handford, 490 So.2d 626 (La.App. 2d Cir.1986); Stevens v. Charter Crude Oil Co., 470 So.2d 535 (La.App. 1st Cir.), writ denied, 475 So.2d 358 (La.1985).

ANALYSIS

In the present case, we find the requirements of Ray have been met. First, the amended claim asserted against Hennessy arose out of the same occurrence set forth in the original petition asserted against The Coats Co.
Second, the requirement of notice with a corresponding absence of prejudice to the correctly named defendant has also been met. As noted previously, the same attorney has represented the interests of both Hennessy and The Coats Co. throughout this litigation. Further, the evidence shows that the corporate relationship between the two entities is very close, closer even than parent and subsidiary; in fact, Hennessy is the corporation and The Coats Co. is its trade name. It does not logically follow that notice of suit *590 to a corporate entity through its active trade name and properly addressed does not constitute constructive notice to the corporate entity itself.
The Coats Co. characterizes itself as a nonexistent corporation, yet in response to Ware’s original petition, The Coats Co. undertook an investigation and defense of the claim. If, in fact, The Coats Co. is nonexistent, then its actions must be viewed as taken on behalf of the real and viable corporate entity, i.e., Hennessy. Hennessy then must have known of the suit.
This case is distinguishable from Fiorita v. Electric Coal Co., 460 So.2d 4 (La.App. 4th Cir.1984), writ denied, 463 So.2d 1318 (La. 1985), cited by Hennessy, which involved service on an improperly named defendant through the Secretary of State. The defendant was apparently a nonexistent entity because no defense was undertaken. In the three years before plaintiff discovered his error, the intended defendant never learned of the claim and was indeed prejudiced by that delay.
The trial judge found that Hennessy has been prejudiced by Ware’s delay in amending his petition because Ware no longer knows the location of the machine which allegedly injured him. First, this is not the type of prejudice contemplated by Ray; the prejudice discussed in Ray must stem from a lack of notice. Here, we have found that Hennessy did have notice of the suit; the delay by Ware in amending his petition has nothing to do with notice to Hennessy of the pending suit; Second, this information has not been made part of the record and is not properly before us for a review. Third, if the machine is in fact missing, that is no more prejudicial to the defendant than it is to the plaintiff, who must prove the elements of his case by a preponderance of the evidence. Finally, there is no indication that the machine could have been preserved or located earlier in the litigation.
Given the circumstances which we have described herein, we also conclude that Hennessy must have known that but for a mistake concerning its proper identity, the suit would have originally been brought against it. Further, our previous discussion details the-relationship between The Coats Co. and Hennessy, and based on those findings, we conclude that Hennessy is neither a new nor unrelated defendant.
As all four requirements for an amended petition to relate back to the date of filing the original petition have been met, we find the trial court committed error in sustaining the exception of prescription and we reverse. We recognize and certainly do not intend to condone the dilatory prosecution of this matter; however, we are unable to conclude that the case has prescribed, given the information included in this record.
Finally, we turn to the trial court’s dismissal of The Coats Co. based upon its exception of lack of procedural capacity. La. C.C.P. Art. 855 provides:
It is not necessary to allege the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a legal entity or an organized association of persons made a party. Such 'procedural capacity shall be presumed, unless challenged by the dilatory exception. (Emphasis added.)
The rules governing the dilatory exception of lack of procedural capacity apply whether the party whose capacity is challenged is a plaintiff or a defendant. See Frazer v. Day, 307 So.2d 733, appeal after remand, 315 So.2d 356 (La.1975); Bock v. Burnham, 419 So.2d 6 (La.App. 4th Cir.1982).
An exception of lack of procedural capacity was filed on behalf of The Coats Co. in March of 1985, several years before The Coats Co. filed its answer in January of 1992. We therefore cannot agree with the plaintiffs position that the defendants’ exception was untimely. See La.C.C.P. Art. 928 providing that the dilatory exception must be pleaded prior to answer.
The corporate documents introduced show that The Coats Co. merged with Hennessy Industries, Inc. in 1979 and thereafter ceased to exist except as a trade name for use in the state of Iowa. Although the record contains evidence that The Coats Co. continued to function beyond this limited ca- *591 paeity, it is now clear that any actions taken in its name were in fact those of the surviving corporate entity, Hennessy Industries, Inc., which has now been added as a party defendant. We therefore affirm the dismissal of The Coats Co. based upon its lack of procedural capacity to be sued.

DECREE

For the foregoing reasons, the judgment dismissing plaintiffs suit against Hennessy Industries, Inc. is reversed and the case is remanded for further proceedings. The judgment dismissing The Coats Co. is affirmed. Costs of this appeal are assessed to Hennessy Industries, Inc.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.