646 So.2d 1149 (1994)
Norma V. ZAHN and Valeria Ethridge
v.
HIBERNIA NATIONAL BANK and Clarence Zahn, Jr.
No. 94-CA-204.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1994.
*1150 T. Jay Seale, III, Kenneth L. Ross, Hammond, for appellant/defendant Clarence Zahn, Jr.
Samuel W. Ethridge, Kenner, for appellees/plaintiffs Norma V. Zahn and Valeria C. Ethridge.
Before KLIEBERT, GAUDIN and CANNELLA, JJ.
CANNELLA, Judge.
Appellant, Clarence Zahn, Jr., appeals from a default judgment rendered in a wrongful conversion of property case. We vacate the judgment and grant an exception of no right of action as to appellee, Valeria Ethridge, in her individual capacity.
On October 26, 1993, appellees, Valeria Ethridge and Norma Zahn, sued Hibernia National Bank (Hibernia), and appellant, Clarence Zahn, Jr., for the loss of $60,211.23 from a bank account, for the loss of earnings from the account, for mental anguish, embarrassment and humiliation, litigation expenses and attorney fees. The petition claimed that on October 16, 1993, appellees opened a Hibernia savings account under the names of appellees, with Valeria Ethridge as the only person authorized to make withdrawals on the account. The petition further stated that on October 22, 1993, Valeria Ethridge attempted to make a withdrawal, but discovered that the funds had been withdrawn by appellant and the account was closed. As a result, appellees claimed damages for the conspiracy of appellant to fraudulently and illegally convert the funds to himself. The petition further asserted breach of contract.
The other defendant, Hibernia, was granted an extension of time in which to answer. On December 2, 1993, a preliminary default was rendered against appellant, alone. The preliminary default was confirmed on December 9, 1993 and the trial court awarded *1151 appellees $60,211.23 plus $10,000 in attorney fees.
On December 16, 1993, Hibernia filed exceptions and attached a copy of a provisional appointment of Clarence Zahn as curator of Norma Zahn's estate pending the outcome of an interdiction proceeding. Norma Zahn died on December 27, 1993. Valeria Ethridge was appointed executrix in the deceased's will and was thereafter substituted as plaintiff.
Appellant filed no pleadings until January 1994, when a request for notice of any judgments or orders was filed. On February 1, 1994, appellant filed a motion for a devolutive appeal from the judgment of December 9, 1993.
On appeal, appellant asserts that the default judgment was improperly rendered because the evidence of the withdrawal of the funds was based on hearsay. Appellant further asserts that appellees failed to prove damages by a prima facie showing. Next, appellant contends that appellees are not legally entitled to attorney fees, that they failed to prove the attorney fees by prima facie showing and that the attorney fees are excessive. Appellant's final specification of error claims that appellees are unjustly enriched by the judgment.
Appellees filed a brief and also a Motion To Strike statements of fact in the brief filed by appellant that are not part of the record. We have reviewed the record and are unable to determine specifically what appellees are seeking to strike. Therefore, we deny appellees' Motion To Strike.
Next, on our own motion, under the authority of La.C.C.P. art. 927, we find that Valeria Ethridge, individually, does not have a right of action to recover in this matter. She was neither a curator nor the executrix of the estate when this suit was filed and when the judgment was rendered. Consequently, the trial judge erred in awarding damages to Valeria Ethridge, individually.
Third, we find that the award of attorney fees was improper. Attorney fees are not recoverable unless specifically provided for by contract or by law. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1959); State, Department of Highways v. Keller, 520 So.2d 1242 (La.App. 5th Cir.1988); McFarland v. Budget Rent A Car, 544 So.2d 1185 (La.App. 4th Cir.1989), writ denied, 548 So.2d 1233 (La.1989); Eubanks v. State, DOTD, 620 So.2d 954 (La.App. 3rd Cir.1993; writ denied, 629 So.2d 351 (La.1993)). Thus, we find that the trial judge erred in awarding attorney fees.
Appellant asserts that hearsay evidence is insufficient to prove a prima facie case for purposes of a default judgment. We agree. "A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case...." La.C.C.P. art. 1702. A prima facie case, within the meaning of the article, is established by proving with competent evidence the essential elements of the petition as fully as if each of the allegations were specifically denied. Halliday v. Water Works of Louisiana, Inc., 425 So.2d 949 (La.App. 5th Cir.1983). Hearsay evidence is not considered competent evidence. Carrier Limousine Service, Inc. v. Johnson, 547 So.2d 21 (La.App. 4th Cir. 1989); Holloway v. Gulf Motors, Inc., 588 So.2d 1322 (La.App. 2nd Cir.1991); Ducharme v. Guidry, 392 So.2d 755 (La.App. 3rd Cir.1980). Contra, Bock v. Burnham, 419 So.2d 6 (La.App. 4th Cir.1982).
In this case, the evidence of the allegations in the petition was presented through the testimony of Valeria Ethridge, Earl Zahn (Norma Zahn's youngest son) and documents. The documents consisted of Valeria Ethridge's general power of attorney to act for Norma Zahn, a check paid to the order of Norma Zahn from General Financial Life Insurance Company in the amount of $60,211.23, a new account application for Norma Zahn and Valeria Ethridge at the Hibernia National Bank, the savings account status on October 22, 1993 showing a zero balance, and a Hibernia statement showing a balance of $60,211.23 on October 18, 1993.
Valeria Ethridge testified that she was a friend of Norma Zahn for thirty years. She testified that when Norma Zahn became ill in October of 1993, she granted her the power of attorney to act for her and that this included the withdrawal of funds from an annuity *1152 in order to have cash available to pay for her medical needs. Valeria Ethridge testified that after she withdrew the annuity, she deposited the amount in an interest bearing Hibernia account. Shortly thereafter, she went to the bank to make a withdrawal and was informed by the manager that the account had been closed due to a withdrawal of the entire amount by Clarence Zahn, Jr., Norma Zahn's grandson. She also stated that another account with a balance of $300 had also been closed by the same person. Valeria Ethridge stated that this created a hardship on Norma Zahn because, while Norma Zahn had property, she did not have any other cash reserves. After leaving the hospital, Norma Zahn went to live with her youngest son who had to pay her expenses with the additional help of counsel. Valeria Ethridge testified that Norma Zahn had been financially secure and was extremely upset by the situation. She testified that Norma Zahn employed counsel to collect her money and that counsel's hourly fee was $100 for in office work, $150 for out-of-office work, plus all costs and expenses. Valeria Ethridge stated that the estate has not been able to pay counsel for his work.
Earl Zahn testified that Norma Zahn was 81 when she became ill and that she lived with him after leaving the hospital. He stated that she was progressing slowly, but needed twenty-four hour care. He said that his mother required food supplements and he was told that the supplements cost $2000. He testified that a nurse visited every now and again, but that he and his wife had been trained to care for her. He stated that Norma Zahn had no funds to pay her bills and that she owed debts to a number of people. He affirmed that he and counsel were subsidizing Norma Zahn's living expenses and that this fact depressed her since she had always been financially secure.
Hearsay is a statement, other than one made by declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. The evidence of appellant's involvement in these events was clearly hearsay and not subject to any of the exceptions to the hearsay rule. See: La.C.E. arts. 801 et seq. The bank documents showing the withdrawal of the funds is also hearsay. Although there is a business record exception to the hearsay rule, the business record may not be admitted without the testimony of a witness to establish a proper foundation for its introduction. See: La.C.E. art. 803. That was not done here. Thus, appellees have failed to establish a prima facie case, since the evidence produced was not competent evidence. Therefore, we find that the trial judge erred in confirming the default judgment.
Accordingly, the judgement of the trial court is hereby vacated and the case is remanded to the trial court for further proceedings. An exception of no right of action is granted by this court against appellee, Valeria Ethridge, in her individual capacity. The Motion To Strike of appellees is denied.
Costs of appeal are to be paid by appellees.
VACATED AND REMANDED.