422 So.2d 1370 (1982)
Gloria H. STEWART
v.
Robert H. STEWART.
No. 82 CA 0042.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
*1371 William J. Staser, Baton Rouge, for plaintiff-appellee Gloria H. Stewart.
Phil E. Miley, Baton Rouge, for defendant-appellant Robert H. Stewart.
Before PONDER, SAVOIE and ELLIS, JJ.
PONDER, Judge.
Defendant, Robert Stewart, appealed a judgment granting plaintiff, Gloria H. Stewart, a divorce on the ground of adultery and dismissing his reconventional demand for a divorce or separation.
The issue on appeal is the sufficiency of the proof of adultery.
We affirm.
Plaintiff filed suit seeking a divorce due to the defendant's alleged adultery. The defendant reconvened on the same ground and, alternatively, on abandonment. The trial judge granted plaintiff's divorce, finding that there was adequate proof of defendant's adultery and dismissed defendant's reconventional demand.
Plaintiff introduced the testimony of a private investigator who saw the defendant make two brief evening visits to a named woman's home. The testimony of a friend of both parties was that the defendant had been reached by telephone in the out-of-state motel room of the same woman. The witness further testified that the defendant admitted having had an affair with the woman.
Defendant testified that the woman had accompanied him on a trip, but that she did not stay with him. He further stated that he had only a business relationship with her. He denied telling anyone that he was having an affair.
Circumstantial proof of adultery requires production of evidence which fairly and necessarily justifies and supports the conclusion that adultery was committed. The degree of proof of adultery by circumstantial evidence is similar to proof of guilt in a criminal proceeding in that the evidence must establish the guilt of the party *1372 accused to the exclusion of any other reasonable hypothesis. Breaux v. Breaux, 323 So.2d 486 (La.App. 1st Cir.1975).
The trial judge's determinations of fact are entitled to great weight on appeal and will not be disturbed unless manifest error is shown. Morris v. Morris, 336 So.2d 254 (La.App. 1st Cir.1976). Where there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Canter v. Koehring Company, 283 So.2d 716 (La.1973), rehearing denied, Oct. 26, 1973.
The trial judge evidently placed great weight in the credibility of the friend and his testimony that the defendant admitted having an affair. We cannot say that the trial court committed manifest error.
Defendant's evidence, attempting to show plaintiff's adultery, consisted only of the testimony of a private investigator who saw a man visit plaintiff's residence on several occasions. Defendant has not carried his burden.
In light of these findings, we need not reach defendant's alternative demand for a separation.
For the above reasons, the trial court's decision is affirmed with costs assessed to the defendant.
AFFIRMED.