430 So.2d 1150 (1983)
Larry Wilvin LIRETTE
v.
Barbara Ann Thomas LIRETTE, on Behalf of her Minor Son, Chad Michael LIRETTE.
No. 82 CA 0530.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
*1151 David B. Allen, Cleveland J. Marcel, Jr., Houma, for defendant and appellee.
William F. Dodd, Houma, Counsel for Minor Child.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
This is a suit for disavowal of paternity. Plaintiff, Larry Wilvin Lirette, appeals the trial court's determination that a child, Chad Michael Lirette, conceived during but born after his marriage to Barbara Ann Thomas Lirette, was his child.
We find that the plaintiff has failed to rebut the presumptions of paternity provided by law. Accordingly, we affirm the judgment of the trial court.
On April 21, 1980, Barbara Ann Thomas Lirette filed a petition for separation from her husband, alleging that he had abandoned the matrimonial domicile on April 16, 1980. Subsequently, on July 10, 1980, she filed an amended petition for divorce against plaintiff, alleging adultery. A final judgment of divorce was granted on November 5, 1980. Thereafter, a child was born to her on February 4, 1981.
The record reflects that on or about March 14 or 15, 1980, plaintiff left the United States for a job in Mexico. Upon his return to the United States on April 16, 1980, his wife picked him up at the airport. They returned to their matrimonial domicile at about 3:30 A.M. Later that same day, she ordered plaintiff to leave the house, insisting upon a separation. She contends that on this occasion and on numerous subsequent occasions, she had sexual relations with her husband. In particular, she claims to have had sexual relations with the plaintiff in May of 1980 (the alleged month of conception).
Plaintiff attempts to disavow his paternity of the child by asserting that: (1) *1152 remoteness with the mother of the child, and (2) Barbara Ann Thomas Lirette's adultery and concealment of the pregnancy and birth of the child preclude his paternity. He first contends that the last instance of sexual relations with his former wife occurred prior to his departure to Mexico in March of 1980.[1] Further, plaintiff asserts that his former wife has been living with John William Smith since his departure from the matrimonial domicile on April 16, 1980. He contends that this conduct is sufficient to substantiate his former wife's adultery. Additionally, plaintiff asserts that the fact of his former wife's pregnancy and birth of the child were concealed from him.
L.S.A.-C.C. art. 184 provides that:
"The husband of the mother is presumed to be the father of all children born or conceived during the marriage." (Emphasis added).
The presumption of paternity arising from this article under which the husband of the mother is considered the father of all children conceived during the marriage is rigorously applied. Hodges v. Hodges, 348 So.2d 1284 (La.App. 4th Cir.1977). Further, children born less than 300 days after the dissolution of the marriage are presumed to have been conceived during the marriage. L.S.A.-C.C. art. 185. Rebuttal of these presumptions can only be proved by facts which prove by a preponderance of the evidence that one is not the father of the child. Mock v. Mock, 411 So.2d 1063 (La.1982). Those facts, sufficient to rebut the presumption, must be susceptible of independent verification, or of corroboration by physical data or evidence, such as scientific tests and the verifiable physical circumstances or remoteness. Mock, supra. One may also rebut paternity where it is proven that the fact of pregnancy and birth of the child were concealed from the father and that the mother is guilty of adultery. Melancon v. Sonnier, 157 So.2d 577 (La.App. 3rd Cir.1963); Burrell v. Burrell, 154 So.2d 103 (La.App. 1st Cir.1963); and Trahan v. Trahan, 142 So.2d 571 (La.App. 3rd Cir. 1962).
In the instant case, Chad Michael Lirette was born less than 300 days after the dissolution of the marriage of Larry and Barbara Lirette. As such, the aforementioned presumptions of plaintiff's paternity exist. Only facts which can establish plaintiff's remoteness from the child's mother or her adultery and concealment of the pregnancy and birth will rebut these presumptions.
Testimony reflects that plaintiff was absent from the United States between March 14 or 15, 1980 and April 16, 1980. Upon his return and subsequent departure from the matrimonial domicile in Houma, Louisiana, he lived with his sister, Pamela Marie Lirette LeBoeuf, her husband, and his current wife, Patricia Hamilton Lirette (also in Houma, Louisiana). Those who testified on plaintiff's behalf, stated that as far as they knew, plaintiff never visited his former wife at the probable time of conception without one of them being present. Further, plaintiff testified that his employment required that he stay on ship for extended periods of time. Plaintiff contends that these facts substantiate his claim of remoteness, sufficient to rebut his paternity. However, on cross-examination, he testified that at times, the ship would dock in the Houma, Louisiana area. During these docking periods, he had opportunities to and did, in fact, come ashore.
The trial court found that the only evidence introduced by plaintiff to disprove his paternity, was his own testimony. Our Supreme Court when faced with a similar situation in Mock, supra, stated that "testimony" in and of itself was insufficient to overcome the presumption of paternity. Only facts which are susceptible of independent verification or of corroboration by physical data or evidence are sufficient to rebut the presumption of paternity. Mock, supra. Plaintiff has failed to carry his burden of proof. As such, his alleged remoteness *1153 does not rebut the presumption of paternity in this instance.
Secondly, plaintiff asserts the presumption of paternity is rebutted by his former wife's adultery and her concealment of both her pregnancy and the child's birth. Defendant readily admits and the record clearly reflects that she concealed both her pregnancy and the child's birth from the plaintiff. As such, we need only address the issue of whether or not plaintiff has proven his former wife's adultery.
Adultery may be proven by circumstantial evidence alone, but this evidence must be so convincing that it excludes every other reasonable hypothesis but that of guilt of adultery. Stewart v. Stewart, 422 So.2d 1370 (La.App. 1st Cir.1982); and Jessen v. Jessen, 386 So.2d 953 (La.App. 3rd Cir.1980). In the instant case, several witnesses[2] testified that they had seen Mr. Smith's truck in front of Barbara Ann Thomas Lirette's residence on several occasions. Additionally, plaintiff's sister, Pamela Marie Lirette LeBoeuf, testified that she had seen the former Mrs. Lirette in the company of other men subsequent to April 16, 1980.
Contrarily, Mr. Smith, the alleged paramour of Barbara Ann Thomas Lirette, testified that he had undergone a vasectomy approximately eight years prior to the alleged birth of Chad Michael Lirette. He further introduced his physician's sperm count test results which had been taken on September 19, 1980. The test indicated that Mr. Smith had a zero sperm count. Further, Mr. Smith testified that although he dated Barbara Ann Thomas Lirette, they had never engaged in sexual intercourse.
The circumstantial evidence presented by plaintiff fails to prove adultery to the exclusion of every other reasonable hypothesis. As such, Barbara Ann Thomas Lirette cannot be said to have committed adultery.
For the above and foregoing reasons, plaintiff has failed to rebut the presumption of his paternity of Chad Michael Lirette. Accordingly, the judgment of the trial court is affirmed. Plaintiff-appellant, Larry Wilvin Lirette, is to pay all costs.
AFFIRMED.
NOTES
[1] While admitting that he slept in the same bed with his wife upon his return from Mexico, plaintiff contends that sexual relations were precluded by the presence of their children in the same bed and pain medicine he was taking for the bruised ribs he had.
[2] Charlotte Lirette, plaintiff's sister-in-law; Jerome J. Lirette, plaintiff's brother; and Pamela Marie Lirette LeBoeuf, plaintiff's sister.