DUFRESNE, Judge.
On February 4, 1986, the trial court granted a separation from bed and board based upon mutual fault of the parties. The court found that “... this is a situation *1148 where both of these people were at fault. I think that Mrs. Miller was at fault for nagging her husband to the point that it had something to do with his drinking. I think that Mr. Miller was at fault in overdoing what he thought was a reasonable response to the nagging.”
The wife appeals on the issue of fault and argues that the trial court abused its discretion when it found the wife’s conduct of such a serious nature that it constituted an independent contributory or proximate cause for the separation. The wife asserts that her conduct was only a justifiable response to her husband’s primary fault.
On April 10, 1985, Frederick T. Miller filed suit against his wife, Olga Munguia Miller, seeking a separation from bed and board on the basis of cruel treatment. In responding to this petition, Mrs. Miller denied all allegations and reconvened on the grounds of abandonment and physical and mental cruel treatment.
This appeal challenges only the factual findings of the trial judge. No questions of law are presented for our review. Mrs. Miller argues that the trial court erred in finding mutual fault of the parties which in effect precludes any award of alimony.
In the area of domestic relations, the trial judge is vested with much discretion, particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses, Pearce v. Pearce, 348 So.2d 75 (La.1977). Therefore, a trial judge’s factual findings are to be accorded very substantial weight on review, Pearce, above.
In this case, Mr. Miller testified that Mrs. Miller failed to properly and adequately maintain the household, that his wife physically abused him and on one occasion was battered by her and their son. Mr. Miller testified that for several years he and his wife occupied separate rooms at bedtime and was denied sexual relations without just cause. He testified that Mrs. Miller frequently verbally assaulted him and accused him of taking her money, of infidelity and constantly asked him to leave the matrimonial domicile. Additionally, Mr. Miller asserted that his wife always argued without reason and while at home she would continually harass and irritate him to such an extent that his life at home became unbearable.
Mrs. Miller testified that after her husband left the home she asked him to return, but that he refused. Mrs. Miller asserted that after 30 years of marriage, her husband’s alcoholic problem destroyed their marriage. She also testified that Mr. Miller rarely came home directly from work but instead, stayed out until the early morning hours and at times did not return home until the next day. He would degrade and insult her and declared many times that he did not love her. Furthermore, Mrs. Miller stated that her husband struck her on numerous occasions, and was proud, to the point of boasting of his extramarital relations. Mrs. Miller testified that her husband was so insensitive to her physical condition, that he told her that she deserved to have cancer and it was too bad that he had to pay for the doctor bills.
Other than the testimony of the parties, the only other witness was their 25 year old son, Chris Miller, who lived in the matrimonial domicile at the time the parties separated.
Chris corroborated his mother’s testimony. He stated that his father drank alcohol on a daily basis and it affected his speech and walking.
The son further testified that he heard his father use abusive language and had seen him hit his mother.
Mrs. Miller testified that she was not blameless, but her behavior was only in response to her feelings of frustration resulting from her husband's constant drinking and his refusal to seek care for this problem.
Therefore, the resolution of the fault issue in this case was basically a credibility determination on the part of the trial judge. He chose to believe both accounts of the reasons leading to the grounds for separation of the parties. The trial judge gave *1149 little, if any, weight to the son’s testimony, and in fact, considered his testimony as prejudical. Consequently, he found both parties responsible for the collapse of the marriage.
To be considered as fault, a spouse’s conduct must also be an independent contributory or proximate cause of the separation, Pearce, supra.
In granting a separation based on mutual fault, LSA-CC art. 141 authorizes the trial judge to evaluate credibility and impose such a decision only if each party has committed fault constituting an independent ground for separation. The trial judge apparently believed both parties, rather than only the wife’s testimony on this issue.
In examining the totality of the circumstances in this case, the trial judge’s factual finding that Mr. and Mrs. Miller were mutually at fault is supported by the evidence and was not an abuse of his discretion.
AFFIRMED.
GAUDIN, J., dissents with written reasons.