CANNELLA, Judge.
Defendant, Federico Tablada, appeals from a judgment of separation rendered in favor of plaintiff, Sandra Tablada. The judgment was granted on the basis of defendant’s cruel treatment. Sandra Tablada was found free from fault. We affirm.
Mr. Tablada left the matrimonial domicile on or about March 1, 1990. He then filed a Petition for Separation, alleging cruel treatment against Mrs. Tablada. Mrs. Tab-lada filed an Answer and Reconventional Demand against Mr. Tablada, alleging abandonment and cruel treatment.
*1358 The parties appeared in court on June 14, 1990 on the rules of Mrs. Tablada for Child Support, Alimony Pendente Lite, Custody and ancillary matters. The court ordered Mr. Tablada to pay alimony pendente lite and child support. On the evening of June 14, 1990, Mr. Tablada asked Mrs. Tablada to reconcile. Mrs. Tablada agreed, but only if he agreed to meet certain conditions. He was to cease all relationships with other women and begin marital counseling. Mr. Tablada then returned to the matrimonial domicile where he remained for approximately one month. During that time, the pending petition for separation filed by Mr. Tablada and the Reconventional Demand filed by Mrs. Tablada were dismissed.
Mr. Tablada left the marital domicile a second time and Mrs. Tablada filed a Petition for Separation on November 16, 1990 based on abandonment and cruel treatment. Mr. Tablada filed an Answer and Reconventional Demand on December 20, 1990 asserting his freedom from fault and plaintiff’s cruel treatment.
After trial of the issues on April 1, 1991, judgment was rendered in Mrs. Tablada’s favor granting a separation and finding Mr. Tablada guilty of cruel treatment and solely at fault in the separation of the parties.
On appeal defendant asserts the trial judge erred in finding the parties lacked the necessary intent to formulate a reconciliation. Defendant secondly asserts the trial judge erred in not dismissing plaintiff’s action based on cruel treatment because she failed to carry her burden of proof in that regard.
Defendant first avers that the trial court erred in failing to find that the parties had the necessary intent coupled with acts to constitute reconciliation. Specifically, the defendant argues that the parties reconciled during July of 1990, prior to the institution of this separation suit.
In her Reasons for Judgment, the trial judge stated that it was clear that the parties had agreed that two conditions must be met in order for a reconciliation to take place. First, that Mr. Tablada’s adulterous relationship cease. Mrs. Tablada allegedly had evidence of it from a private investigator’s report. And second, that marital counseling with both parties commence.
The trial judge found that to reconcile a marriage, both parties must make a diligent effort. She found that Mr. Tablada had done nothing to make this reconciliation work, while Mrs. Tablada had made continuing efforts, all of which were rebuffed. The judge cited the testimony of a long time friend of the couple, Ela Mañero, that Mrs. Tablada continued to be affectionate toward Mr. Tablada, but that defendant was very cold to his wife and children.
The trial judge found it highly suspicious that defendant first initiated reconciliation talks with plaintiff on the same evening that he learned that he was going to have to pay alimony pendente lite and that a private investigator’s report existed which indicated he was involved in an adulterous relationship. She stated that Mrs. Tablada had been affectionate toward Mr. Tablada and that the wife had made every attempt to seek marital counseling. The judge further found that although Mrs. Tablada agreed to a reconciliation after learning of the adulterous relationship, she conditioned it on his ending the adultery and seeking counseling. The trial judge found that defendant failed to meet the two conditions and that he did not have the necessary intent to reconcile when he returned to the matrimonial domicile in July of 1990.
In the realm of domestic relations, much discretion must be vested in the trial judge, who, having observed the demeanor of the witnesses, is in a better position to rule on their credibility, particularly in evaluating the weight of the evidence. Therefore, factual findings of the trial court are to be accorded very substantial weight on review. Pearce v. Pearce, 348 So.2d 75 (La.1977); Miller v. Miller, 499 So.2d 1147 (La.App. 5th Cir.1986).
Reconciliation is an issue of fact, the resolution of which is determined by the trial judge after a careful examination of the facts and their relationship to the *1359 interested parties. Souza v. Souza, 428 So.2d 1204 (La.App. 5th Cir.1983).
Here, the trial judge was in the best position to weigh the evidence and to determine the facts and their relationship to the parties. The court found that the parties had an understanding that marital counseling and the cessation of defendant’s adulterous affair were conditions of reconciliation, and that defendant failed to make such efforts. Therefore, defendant did not have the requisite intent to reconcile. Thus she found no reconciliation occurred. After our review, we cannot say the trial judge erred in this regard and the record does not disclose manifest error in this conclusion.
Defendant’s second assignment of error asserts that the trial court erred in not dismissing plaintiff’s action for separation from bed and board based on cruel treatment, because plaintiff failed to carry her burden of proof and the weight of the evidence was insufficient to warrant the court’s finding of fault on this basis. Specifically, defendant avers that the trial judge erred in her determination that plaintiff proved that there was cruel treatment by defendant.
Mutual incompatibility and bickering is not sufficient to constitute cruel treatment to support a separation from bed and board. Smith v. Smith, 528 So.2d 1055 (La.App. 5th Cir.1988). For cruel treatment to be a legal ground for separation, treatment must be severe, frequent and of a nature to render living together insupportable. Wheelahan v. Wheelahan, 557 So.2d 1046 (La.App. 4th Cir.1990). In order for a spouse’s misconduct to be considered as “fault” constituting independent grounds for separation, a spouse’s misconduct must be of a serious nature but must also be an independent contributory or proximate cause of the separation. Saucier v. Saucier, 357 So.2d 1378 (La.App. 4th Cir.1978).
In making its determination as to cruel treatment, the trial judge considered the testimony of the parties, which reflected Mrs. Tablada’s accusations of Mr. Tablada’s adultery. The trial judge stated that the fact that defendant was aware of the possibility of an investigator’s report “was enough for this Court” to doubt his good faith intent. Thus, all of the actions of Mr. Tablada were a strong indicator to the court of his intention and behavior. They were sufficient to convince the trial judge of his cruel treatment both before and after the alleged reconciliation. This behavior, and the “coldness” by Mr. Tabla-da toward Mrs. Tablada was sufficient, considering all of the actions of defendant, according to the trial judge, to conclude that plaintiff carried her burden of proof in regard to defendant’s cruel treatment. After our review, we find the trial judge was not clearly wrong in finding the husband’s behavior to have been serious enough to support a separation based on cruel treatment.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs of appeal are to be paid by defendant.
AFFIRMED.