IzDALEY, Judge.
Patricia Arnoult appeals a judgment of the trial court finding she was guilty of post separation adultery. For the reasons that follow, we affirm.
Patricia and Elden Arnoult were married on August 13, 1966 and physically separated on March 10, 1995. On March 13, 1995, Patricia filed a Petition for Divorce and Incidental Matters. On March 14, 1995, Elden filed an Answer and Reconventional Demand. Both petitions requested a divorce under the provisions of C.C. Art. 102. Thereafter, on August 25, 1995, Elden amended his petition and alleged Patricia was guilty of adultery. The matter came for trial on May 3,1996 and the trial court found Patricia was in fact guilty of adultery.
Five witnesses testified at trial: Patricia Arnoult; Patricia Arnoult’s alleged para-mom’, Whitney Duplantis; Elden B. Arnoult, Jr.; and two private investigators, Don Sa-tullo and Raymond Leferve, hired by Elden B. Arnoult, Jr. The investigators testified *102 that two incidents occurred during the period of surveillance relative to the ^issues before us. The first occurred on May 13, 1995 wherein Duplantis and Patricia Arnoult were observed leaving the Bengal Lounge in Me-tairie at about 3:50 a.m. The couple were observed leaning against Patricia Arnoult’s car hugging and kissing. After about 35 minutes, they moved inside the car and continued embracing until about 5:55 a.m. Both investigators testified both heads would occasionally disappear from view. When Duplan-tis exited the vehicle, he was buttoning his shirt and rearranging his clothes.
On May 21, 1995, another incident occurred at the Bengal. Duplantis and Patricia were in the bar dancing and kissing before leaving at about 2:10 a.m. After 2:10 a.m. they got in Patricia Arnoult’s car and were kissing in the car for about 45 minutes. Thereafter, Patricia Arnoult followed Whitney Duplantis to his house in Harahan. The investigators testified they arrived around 3:20 a.m., parked in the street, walked down the driveway and entered the house toward the rear. Both investigators testified they saw no lights come on in the house at any time during the surveillance. No one else either entered or exited the house. At about 5:30 a.m., Patricia Arnoult exited the house alone and returned to her apartment.
Patricia Arnoult and Whitney Duplantis both testified concerning the May 21 incident. They testified that upon leaving the Bengal Lounge Whitney Duplantis was hungry and they went to Taco Bell to get something to eat. While there, they were asked to leave because Whitney Duplantis entered the store with a beer can in his hand. They returned to where he was parked near the Bengal Lounge and began to eat. Because he did not have a drink, they left to go to his house. Patricia Arnoult followed him to be sure he made it home as Whitney Duplantis had been drinking. Once there, both testified that lights were turned on, the food was eaten and they began to watch television. Whitney Duplantis began falling asleep while watching | ¿¡television, so Patricia Arnoult left. Both maintain that they never had intercourse or oral sex on either occasion.
The trial court found the circumstantial evidence sufficient to prove Patricia committed adultery. The trial court’s factual determination is entitled to great weight on appeal and will not be disturbed unless manifest error is shown. Tablada v. Tablada, 590 So.2d 1357 (5th Cir.1991), citing Pearce v. Pearce, 348 So.2d 75 (La.1977); Stewart v. Stewart, 422 So.2d 1370 (1st Cir.1982).
The nature of the act of adultery requires that circumstantial evidence will most likely be used to sustain the proponent’s burden of proof. A prima facia case of adultery can be made out by showing facts or circumstances that lead fairly and necessarily to the conclusion that adultery has been committed. Coston v. Coston, 196 La. 1095, 200 So. 474 (1941). Courts must look with caution to the testimony of an investigator hired by one spouse to watch the other spouse, and this evidence ordinarily should be corroborated by the facts and circumstances in evidence and/or by direct testimony of other witnesses. McCartan v. Filkins, 134 La. 795, 64 So. 717 (1914). However, a prima facia case of adultery can be made where the only evidence presented is the testimony of hired investigators. See Hermes v. Hermes, 287 So.2d 789 (La.1973).
In the case at bar, the trial court found from the totality of the evidence presented that Patricia Arnoult had committed adultery. Mrs. Arnoult admitted to hugging and kissing Mr. Duplantis. Although Mrs. Arnoult denies committing adultery and disputes some of the facts as testified to by the investigators surrounding the events of May 21, she admits going to Mr. Duplantis’ house at 3:30 a.m. After observing the demeanor of the witnesses and the totality of the evidence submitted, the trial court found the testimony of the investigators more credible than Mrs. IsArnoult and Mr. Duplantis concerning the events of May 21 and concluded that Mrs. Arnoult did in fact commit adultery. Given the facts that Mrs. Arnoult and Mr. Duplantis were clearly engaged in sexual foreplay prior to returning to Mr. Duplantis’ residence at 3:30 a.m. on the morning of May 21st and the trial court’s ability to evaluate the credibility of their denial of additional sexual conduct, we cannot say that the trial *103 court’s factual findings are manifestly erroneous.
Accordingly, for the reasons assigned, the trial court judgment granting Elden Arnoult Jr. a divorce from Patricia Arnoult on grounds of adultery is affirmed. Patricia Arnoult to bear all costs of this appeal.
AFFIRMED.
GAUDIN, J., dissents.