716 So.2d 454 (1998)
Carol BENNETT
v.
Wilbert BENNETT.
No. 97-CA-1150.
Court of Appeal of Louisiana, Fifth Circuit.
July 28, 1998.
*455 Clarence Roby, Jr., New Orleans, for Plaintiff-Appellant.
Gerald J. Arceneaux, Westwego, David J. Hebert, Marrero, for Defendant-Appellee.
Before DUFRESNE and GOTHARD, JJ., and ROBERT MURPHY, J. Pro Tem.
DUFRESNE, Judge.
Plaintiff/appellant, Carol Bennett, challenges the validity of a default judgment of divorce rendered in favor of defendant/appellee, Wilbert Bennett. For the reasons set forth herein, we vacate the judgment of the trial court and remand the matter for further proceedings.
In August of 1996, Carol Bennett filed a petition for divorce alleging domestic abuse by her husband, Wilbert Bennett. In the petition, she sought a divorce from her husband based on living apart for the requisite period of time under the provisions of LSAC.C. art. 102. Thereafter in February of 1997, Wilbert Bennett filed a reconventional demand seeking a judgment of divorce from Carol Bennett pursuant to LSA-C.C. art. 103, on the grounds that she committed adultery.
In late April, Wilbert Bennett filed a motion for preliminary default on the reconventional demand, asserting that domiciliary citation was served upon Carol Bennett, that she had failed to appear or file an answer, and that the legal delays for answering had elapsed. The court granted the motion for preliminary default on April 29, 1997. The matter then proceeded to a hearing for a confirmation of the preliminary default. After considering the evidence presented, the magistrate judge, on May 12, 1997, confirmed the default judgment and rendered a judgment of absolute divorce in favor of Wilbert Bennett and against Carol Bennett in accordance with LSA-C.C. art. 103. The judge *456 also decreed that " Wilbert Bennett is free from fault and Carol Bennett is not free from fault in the breakup of this marriage."
Challenging this ruling, Carol Bennett filed a motion for new trial, which after a contradictory hearing, was denied by the trial judge. Carol Bennett now appeals, challenging the validity of the default judgment. She specifically argues that Wilbert Bennett should not have been granted a default judgment of divorce because he did not establish a prima facie case of adultery or convince the court that he would probably prevail in a trial on the merits. We find merit in this argument and accordingly vacate the default judgment rendered in favor of Wilbert Bennett.
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case ..." LSA-C.C.P. art. 1702. A prima facie case, within the meaning of this article, is established by proving with competent evidence the essential elements of the petition as fully as if each of the allegations were specifically denied. Zahn v. Hibernia National Bank, 94-204 (La.App. 5 Cir. 11/16/94), 646 So.2d 1149; State, Dept. of Social Services v. Matthews, 96-711 (La.App. 5 Cir. 1/28/97), 688 So.2d 137.
The nature of the act of adultery requires that circumstantial evidence will most likely be used to sustain the proponent's burden of proof. A prima facie case of adultery can be made out by showing facts or circumstances that lead fairly and necessarily to the conclusion that adultery has been committed. Arnoult v. Arnoult, 96-730 (La.App. 5 Cir. 2/12/97), 690 So.2d 101, writ denied, 97-0656 (La.4/25/97), 692 So.2d 1089. The evidence is to be viewed in light of experiences and observations of life. The fact that a man and woman are alone together does not necessarily justify presuming that it is for a romantic or sexual purpose. Emfinger v. Emfinger, 550 So.2d 754 (La.App. 2 Cir. 1989). Courts must look with caution to the testimony of an investigator hired by one spouse to watch the other spouse, and this evidence ordinarily should be corroborated by the facts and circumstances in evidence and/or by direct testimony of other witnesses. Arnoult v. Arnoult, supra.
In reviewing a judgment of default, the appellate court is restricted to a determination of whether the record contains sufficient evidence to support a prima facie case. Collins v. Estrade, 93-977 (La.App. 5 Cir. 5/11/94), 638 So.2d 275.
Our examination of the record demonstrates that the evidence falls woefully short of proving Carol Bennett guilty of adultery. At the hearing on the confirmation of the default judgment, Wilbert Bennett testified that his wife has been seeing another man, Michael Lewis, that she has had an on-going relationship with him since 1989, and that she took a trip with him in 1993 or 1994. In addition to this testimony, Natalie Biondollio, the private investigator that Mr. Bennett hired, testified regarding her surveillance of Carol Bennett. She testified that on November 17, 1996, at approximately 2:00 a.m., she observed Mr. Lewis' car parked in the driveway of Carol Bennett's residence. On December 1, she observed Mr. Lewis driving Carol Bennett's car. Then, on December 5, she observed Mr. Lewis arrive at Carol Bennett's residence at 7:20 p.m. and remain there until 5:45 a.m. the following morning. Two photographs of Mr. Lewis were also introduced into evidence.
We find that this evidence does not constitute a prima facie showing of adultery on the part of Carol Bennett. While Mr. Bennett made general allegations of an on-going adulterous affair between his wife and Mr. Lewis, there were no facts or circumstances presented which would support his assertions. Moreover, the photographs which were introduced merely show Mr. Lewis, alone and fully clothed. We also make note of a fact of which the magistrate judge was obviously unaware. In a prior hearing, both Carol Bennett and Mr. Lewis specifically denied that Mr. Lewis ever spent the night at her house. Also, Mr. Lewis specifically denied having any sort of relationship with Carol Bennett other than that of friendship.
Based on the foregoing discussion, we find that a default judgment was improperly granted. Accordingly, we vacate the default *457 judgment of divorce and remand the matter to the trial court for further proceedings.
JUDGMENT VACATED, REMANDED FOR FURTHER PROCEEDINGS.
GOTHARD, J., concurs.
GOTHARD, Judge, dissenting.
I respectfully concur, being mindful of the burdens of proof which must be applied in default cases.