| JAMES L. CANNELLA, Judge.
In this breach of contract case, the Defendant, John R. Lankford (Lankford), appeals from a default judgment granted against him for $25, 373.04, along with interest, costs and attorney fees of $1,500, in favor of the Plaintiff, Sunbelt-UBI Business Brokers, Inc. (Sunbelt). For the reasons which follow, we reverse and remand.
On October 18, 1999, Lankford signed a listing agreement with Sunbelt to sell the business known as Pyramids that was owned and operated by Gray Entertainment, Inc. (Gray) The listing agreement began on October 18, 1999 and ended on April 30, 2000. The agreement further provided that Sunbelt would, under certain conditions, be paid 12% of the purchase price or a minimum of $8,500.' Sunbelt alleges that Lankford and Gray breached the listing agreement with Sunbelt by selling Pyramids on June 16, 2000, through a stock sale, without paying Sunbelt its commission. Sunbelt filed suit on July 27, 2000 against Lankford and Gray. On March 27, 2001, Sunbelt filed a Motion for a Preliminary Default. On April 3, 2001, the preliminary default was confirmed and judgment was rendered and signed against Lankford only in the amount of $25,373.01, together with interest, costs and attorney fees in the amount of $1,500. Lankford filed a Motion for New Trial and Motion for Stay of Judgment on January 29, 2003 |sand they were denied on July 17, 2003. A devolutive appeal was filed on September 3, 2003. On appeal Lankford assigns seven errors.
DEFICIENT SERVICE
By his first three assignments of error, Lankford argues that the trial court erred in granting the default judgment because of defects with service. He argues that the Affidavit of Service filed herein pursuant to the Louisiana Long-Arm Statute was defective in that the affi-ant is not the person who actually mailed the letter, as required by La. R.S. 13:3205. He also argues that service was deficient because it is not shown that Lankford was served with the petition. Finally, he argues that since the transmittal letter provided “Please contact me upon receipt of same,” it was deceptive and misleading and Lankford did not know he had to file an answer in a lawsuit.
Sunbelt argues that the affiant was the person who prepared and mailed the statutorily required documents and Lankford’s assertions to the contrary are not supported by the record. Further the affidavit, as required by law, expressly provides that certified copies of the citation and the petition were mailed to Lankford and, further, the citation specifies that the petition is attached. Finally, Sunbelt notes that requesting that Lankford call counsel does not mislead him where the citation and petition make it clear that a lawsuit has been filed and must be addressed. Moreover, Sunbelt points out that in Lankford’s motion for new trial, it is acknowledged that “suit was served upon Lankford via the Louisiana Long Arm Statute on August 12, 2000.”
La. R.S. 13:3205, regarding proof of service, provided:[1]
*986 |4No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or
(b) actually delivered the process to the defendant, showing the date, place, and manner of delivery.
The Affidavit of Service, filed into the record in this case, provides:
STATE OF LOUISIANA
PARISH OF JEFFERSON
BEFORE ME, personally came and appeared Steven A. Watts (“Affiant”), a person of the full age of majority and a resident of Jefferson Parish, Louisiana, who after being duly sworn declared that
1. Affiant is an attorney for Sunbelt-UBI Business Brokers, Inc., in the captioned proceeding.
2. Affiant caused to be mailed to defendant John R. Lankford (“Mr.Lankford”) at 117 East Avenue, Long Beach, Mississippi, certified copies of citation and Petition filed in the above captioned proceeding, by properly enclosing the aforesaid documents in an envelope properly addressed to Mr. Lankford, with sufficient postage affixed. Copies of Affiant’s August 11, 2000 letter to Mr. Lankford and the aforesaid documents mailed to Mr. Lankford, which documents are identified in said August 11, 2000 letter, are attached hereto in globo as Exhibit “A” and made a part hereof.
3. Affiant caused the aforesaid envelope with the aforesaid certified copies of citation and Petition to be deposited in the United States mail on August 11, 2000. A return receipt “green card” was attached to said envelope. A copy of the applicable certified mail return receipt form is attached hereto as Exhibit “B.” The aforesaid return receipt “green card,” showing receipt of the aforesaid letter and documents on behalf of Mr. Lankford on August 12,
4. [sic] 2000, has been returned to Affi-ant. That original return receipt “green card” is attached hereto as exhibit “C” and made a part hereof.
5. Affiant has complied in all respects with the requirements of the Louisiana long arm statute, La. R.S. 13:3201-3207, for personal service of process by certified mail on defendant John R. Lankford.
IfiThe affidavit is signed by Steven Watts before a Notary Public.
The transmittal letter states in part, “Pursuant to the provisions of the Louisi *987 ana Long-Arm Statute, please find enclosed original citation and petition with regard to the above captioned lawsuit.” The citation provides in part, “You are hereby summoned to comply with the demand contained in the PETITION of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within THIRTY CALENDAR days after the service hereof, under penalty of default.”
Upon review, we find that the affidavit is sufficient to satisfy the requirements of La. R.S. 13:3205. It is clear from reading the affidavit in its entirety that the affiant is the person who mailed the documents to Lankford. He stated that he enclosed the citation and petition in an envelope properly addressed to Lankford, with sufficient postage affixed. He provided the date on which it was deposited in the United States mail and that he received the return receipt with Lankford’s signature on it. The pertinent documents were attached as exhibits. The transmittal letter also states that the citation and petition were enclosed. The citation itself states that the petition accompanies the citation and advises Lankford that he has thirty days to respond “under penalty of default.” We find no error in the fact that the trial court rendered judgment in this case based on the evidence of service contained in this record and the explicit advisement that action must be taken to prevent a default.
LACK OF PRIMA FACIA SHOWING TO CONFIRM DEFAULT
In the next three assignments of error, Lankford argues that the evidence presented was insufficient to prove Sunbelt’s entitlement to | ^judgment in the amount of $25,373.04. More particularly, Lankford argues that there was insufficient proof of a breach, since the sale occurred after the termination of the listing agreement. He argues that there was no evidence presented bringing this sale within the terms of the listing agreement. Further he argues that there was insufficient proof of the amount awarded if any amount was due at all. In other words, the judgment of default was not confirmed by proof of the demand sufficient to establish a prima facie case.
Sunbelt argues to the contrary that the evidence was sufficient. Sunbelt points out that the listing agreement evidencing the commission due of 12% of the sale price was introduced and a witness, John Monju (Monju) testified as to the final sale price and the fact that the parties ultimately purchasing the property were the same parties who had negotiated through Sunbelt with Lankford during the listing agreement term, thereby, entitling them to the commission under the listing agreement.
It is well settled that a prima facie case sufficient to confirm a default judgment is established only when the party proves with competent evidence the essential allegations of his petition as fully as if each of the allegations were specifically denied. Beevers v. Burmaster, 00-1951 (La.App. 5th Cir.4/11/01), 787 So.2d 381; Bennett v. Bennett, 97-1150 (La.App. 5th Cir.7/28/98), 716 So.2d 454; Fridge v. Sampognaro, 97-240 (La.App. 5th Cir.9/30/97), 700 So.2d 1090. Hearsay evidence is not considered competent evidence in establishing a prima facia case sufficient to confirm a default judgment. Zahn v. Hibernia Nat. Bank, 94-204 (La.App. 5th Cir.11/16/94), 646 So.2d 1149; Cornish v. Doctors Care, LLC, 2002-0285 (La.App.4th Cir. 6/12/02), 819 So.2d 1158; Martin v. Sanders, 35,575 (La.App. 2nd Cir. 1/23/02), 805 So.2d 1209.
*988 In reviewing the evidence presented to confirm the default, we find that it was insufficient to support the confirmation of the default. Sunbelt is correct that |7the listing agreement was introduced into evidence entitling it to a 12% commission based on the purchase price of the sale of the property listed in the agreement. The agreement further provided that the term extended to any sale or transfer of the property within two years of the date of the sole and exclusive period to any person, firm or entity with whom negotiations for the acquisition of all or any part of the business began during the sole and exclusive period. However, the proof of the sale of the property and the price of the sale is insufficient.
Monju testified that he went to the premises and witnessed it being remodeled and inquired as to whether there had been a purchase. He testified that he was told that the property had been purchased, by whom it was purchased and the purchase price. None of the documentation supporting this information was introduced into evidence. Monju’s testimony was hearsay and, standing alone, does not suffice to establish a prima facia case to confirm the default.
Sunbelt did belatedly attach the necessary supporting documents to its opposition to Lankford’s motion for new trial and there appears to be little doubt as to Sunbelt’s entitlement to a commission under the listing agreement. However, this appeal addresses the insufficiency of the evidence presented to support the confirmation of the default. Based on the record and the evidence presented to confirm the default, we must find that the evidence, primarily hearsay, was insufficient.
Accordingly, we reverse the default judgment granted in favor of Sunbelt and against Lankford and remand to the trial court for further proceedings. Costs of appeal are assessed against Sunbelt.
REVERSED AND REMANDED.

. La. R.S. 13:3205 was amended by Act 619 of 2003 and, although not pertinent here, now *986 provides:
No default judgment can be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 et seq., until thirty days after the filing in the record of the affidavit of the individual who either:
(1) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the ■ defendant; or
(2) Actually delivered the process to the defendant, showing the date, place, and manner of delivery.