GREG G. GUIDRY, Judge.
[2The Defendant, Mark Howard (Howard), appeals from the default judgment entered against him in favor of the Plaintiff, Bureaus Investment Group # 2, LLC (Bureaus Investment), on an overdue Chase Visa/Mastercard (Chase) charge account. He also filed an exception of prescription in this Court. For the reasons which follow, we vacate the default judgment, deny the exception and remand.
On August 4, 2005, Bureaus Investment filed a petition against Howard alleging that it is the assignee of a past due charge account Howard had with Chase. Bureaus Investment alleges that Howard was furnished certain goods and services on the account and he has failed and refused to pay the charges incurred. Bureaus Investment further contends that Howard owes the principal sum of $4,403.05, together with interest at the rate of 20% per annum from June 8, 2005 until paid and an additional sum of 25% of both principal and interest as attorney fees. No answer was timely filed by Howard. Thereafter, on November 14, 2005, | (¡Bureaus Investment had a preliminary default entered against Howard. On December 13, 2005 the preliminary default was confirmed and made final and judgment was entered against Howard, as requested, for $4,403.05, together with interest at the rate of 20% per annum from June 8, 2005 until paid, and an additional sum of 25% on both principal and interest as attorney fees, and costs. It is from this judgment that Howard appeals.
On appeal Howard assigns one error. He argues that the proof of the demand entered to confirm the default was not sufficient to support the judgment. More specifically, he points out that the record is lacking any proof that Bureaus Investment is the creditor/assignee of Howard’s alleged past due account.
Bureaus Investment argues that the necessary proof can be derived from its request for admissions that Howard failed to answer. It is argued that due to Howard’s failure to answer, the facts derived from the request for admissions should be deemed admitted. Bureaus Investment also argues that Howard’s failure to challenge the facts asserted by it is indicative of his lack of a defense.
It is well settled that a prima facie case sufficient to confirm a default judgment is established only when the party proves with competent evidence the essential allegations of his petition as fully as if each of the allegations were specifically denied. Beevers v. Burmaster, 00-1951 (La.App. 5th Cir.4/11/01), 787 So.2d 381; Bennett v. Bennett, 97-1150 (La.App. 5th Cir.7/28/98), 716 So.2d 454; Fridge v. Sampognaro, 97-240 (La.App. 5th Cir.9/30/97), 700 So.2d 1090. Hearsay evidence is not considered competent evidence in establishing a prima facia case sufficient to confirm a default judgment. Zahn v. Hibernia Nat. Bank, 94-204 (La.App. 5th Cir.11/16/94), 646 So.2d 1149; Cornish v. Doctors Care, LLC, 2002-0285 (La.App. 4th Cir.6/12/02), 819 So.2d 1158; Martin v. Sanders, 35,575 (La.App. 2nd Cir.1/23/02), 805 So.2d 1209.
|4In reviewing the evidence presented to confirm the default, we find that it was' insufficient to establish a prima facie case to support the confirmation of the default. Even assuming adequate evidence of a past due debt owed by Howard, we find the record is void of any proof supporting the petition allegations that Bureaus Investment is the creditor of the debt owed by Howard. The record does contain a “Bill of Sale” from Chase to Bureaus Investment, indicating that certain unspecified accounts were purchased by it from Chase. This “Bill of Sale” *39 refers to an exhibit identifying the purchased accounts. However, the exhibit is not included in the record. Therefore, there is nothing in the record to indicate that Bureaus Investment was the creditor/assignee of Howard’s account with Chase. Absent proof that Bureaus Investment has the right to seek the requested relief, the judgment cannot stand.[1]
On October 3, 2006, Howard filed an exception of prescription in this Court. It was referred to the merits. Considering the exception, we find it lacks merit.
Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. Campo v. Correa, 2001-2707, p. 7 (La.6/21/02), 828 So.2d 502, 507; Waguespack v. Judge, 04-137, p. 4 (La.App. 5 th Cir. 6/29/04), 877 So.2d 1090, 1092; Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1386 (La.1993).
In this case, prescription was not evident on the face of the pleadings. In fact, the petition does not provide any dates concerning when the indebtedness was incurred. Howard did not present any proof that the indebtedness was incurred beyond the prescriptive period. The record simply provides no information to I.«¡support or oppose the exception. The absence of proof of the dates the debts were incurred does not prove prescription on the face of the pleading. Thus, we find that Howard did not meet his burden of proving the grounds supporting the exception.
Accordingly, we vacate the default judgment granted in favor of Bureaus 'Investment Group #2, LLC and against Mark Howard, deny the exception of prescription filed in this Court and remand to the trial court for further proceedings. Costs of appeal are assessed against Bureaus Investment.

JUDGMENT VACATED EXCEPTION DENIED CASE REMANDED.

. Even Bureaus Investment’s request for admissions did not include a request for Howard to admit that Bureaus Investment had acquired this account from his former creditor, Chase.