CRAIG AND SANDRA MALONEY
v.
FELICIA ANDREWS AND SPINATA PROPERTIES, L.L.C.
No. 2008 CA 0722.
Court of Appeal of Louisiana, First Circuit
October 31, 2008
NOT DESIGNATED FOR PUBLICATION
W. CHRISTOPHER BEARY, GINA PULEIO CAMPO, ANGEL L. BYRUM, JOHN L. FONTENOT, Attorneys for Plaintiffs-Appellees, Craig and Sandra Maloney.
JOHN HENRY GNIADY, Attorney for Defendants-Appellants Felicia Andrews and Spinata Properties, L.L.C.
Before: PARRO, McCLENDON, and WELCH, JJ.
WELCH, J.
In this appeal, defendants, Felicia Andrews and Spinata Properties, L.L.C., contest a default judgment giving the plaintiffs, Craig and Sandra Maloney, the option to require specific performance of a purchase agreement or retain a deposit, ordering defendants to pay damages for cutting trees on the property, attorney fees, and court costs, and ordering the attachment of funds held in escrow by a title company to satisfy the damage awards. We reverse.

BACKGROUND
On December 14, 2006, plaintiffs filed this lawsuit seeking specific performance of a purchase agreement, attorney fees, and damages against defendants. Plaintiffs asserted that on August 11, 2006, they and defendants entered into an "Agreement to Purchase or Sell," pursuant to which Ms. Andrews agreed to purchase a tract of immoveable property located in St. Tammany Parish from plaintiffs. Plaintiffs alleged that they made a counteroffer, which was accepted by Ms. Andrews on August 21, 2006, and that Ms. Andrews put up a $10,000 deposit for the purchase. Plaintiffs averred that defendants failed to close the sale by the date set forth in amended agreements executed by the parties and were therefore in breach of the purchase agreement. They demanded specific performance by defendants and sought to recover attorney fees incurred as result of the breach. They also alleged that Ms. Andrews, in bad faith, willfully and intentionally removed timber from the property without their consent. Plaintiffs sought to recover three times the fair market value of the cost of the trees cut pursuant to La. R.S. 3:4278.1, along with attorney fees, the cost of restoring the property, including reforestation of the land and removal of stumps, loss of aesthetic value, and general damages.
On June 20, 2007, plaintiffs filed a motion for a preliminary default judgment on the basis that defendants were served with a copy of the petition but failed to file responsive pleadings. On June 21, 2007, the trial court entered a preliminary default judgment.
On October 29, 2007, plaintiffs proceeded to confirm the default judgment. At the confirmation hearing, Mr. Maloney testified that he and his wife Sandra owned a 15.75 acre tract of land and entered into a contract to sell the land to Ms. Andrews. Mr. Maloney identified the purchase agreement, offered into evidence, as being the original contract to purchase or sell, and attested that his signature, as well as Ms. Andrews' signature, appeared thereon. The original purchase agreement set the deposit amount at $2,000 and contained a clause giving plaintiffs the right to demand specific performance or declare the deposit forfeited upon the purchaser's breach of the agreement within the time specified in the contract. Mr. Maloney then identified a counteroffer dated August 14, 2006, increasing the deposit to $10,000, and bearing his signature. He testified that Ms. Andrews also signed the document. Mr. Maloney identified three other amendments to the contract which he claimed were executed pursuant to Ms. Andrews' request and attested that the documents bore his signature. He answered affirmatively when questioned whether the final amendment to the original purchase agreement indicated that Ms. Andrews was purchasing the property for Spinata Properties, L.L.C. Mr. Maloney testified that the sale never was perfected and that a real estate agency, Ansel & Allen, filed a judicial proceeding depositing Ms. Andrews' $10,000 deposit into the registry of the 22nd Judicial District Court. Based on this evidence, plaintiffs asked that the court enter judgment ordering specific performance or alternatively, judgment for the $10,000 deposit on escrow and currently in the registry of the court, as well as attorney fees and court costs.
Regarding the tree damage claim, Mr. Maloney testified that after entering into the purchase agreement, Ms. Andrews went onto the subject property without his permission and removed numerous trees from the property. He identified two estimates, one received from SouthPine, Inc. setting forth an average price for site preparation and tree planting at $300 per acre. Mr. Maloney also identified an estimate from E.J. Dennis & Associates, Inc. setting forth the value of the trees destroyed on the property to be $48,445. Both exhibits were introduced into evidence. Based on this evidence, plaintiffs sought to recover treble damages for the wrongful removal of the trees for a total of $145,335.
Additionally, Mr. Maloney testified that he was aware that Ms. Andrews deposited the sum of $119,000 with Advance Title after the filing of this lawsuit in an attempt to perform under the contract. Plaintiffs asked the court for a prejudgment attachment of the funds held in escrow by Advance Title to satisfy the judgment. Mr. Maloney also testified that he incurred attorney fees in the amount of $7,836.25 and $794 in court costs in connection with filing this lawsuit.
Thereafter, the trial court entered a judgment in favor of plaintiffs and against defendants in the amount of $145,335 for three times the value of the removal of the trees, $4,500 for anticipated costs of stump removal, $7,836.25 in attorney fees, and $794 in court costs. The court further ordered that funds in the amount of $119,000 held in escrow by Advance Title be attached to the judgment to satisfy the damage award. Lastly, the court ordered that, at the option of plaintiffs, defendants either be required to perform under the terms of the purchase agreement, or that Ms. Andrews forfeit the $10,000 deposit held in the registry of the court as a result of concursus proceedings instituted against her by Ansel & Allen. This appeal, taken by defendants, followed.

DISCUSSION
Defendants contend that the trial court erred in awarding damages for tree removal as a matter of law, urging that title ownership of the trees transferred to them upon execution of the purchase agreement. They also claim that plaintiffs failed to offer competent evidence of their damage claims with proof sufficient to establish a prima facie case. Specifically, they charge that the estimates of the fair market value of the trees and cost of stump removal were hearsay evidence as no one from the companies providing the estimates appeared to testify. They also claim that the record fails to support the attorney fee award as there was no statement to support Mr. Maloney's assertion that he incurred attorney fees in the amount of $7,836.25, nor did he testify that he ever paid this amount.
Additionally, defendants argue that the trial court erred in granting a judgment not petitioned for by the plaintiffs. Defendants point out that the petition only demanded specific performance to compel defendants to purchase the property; however, the judgment grants plaintiffs the right to compel specific performance or terminate the contract and retain the $10,000 deposit. Defendants submit that because the only relief sought was the enforcement of the purchase agreement by specific performance, the trial court could not grant plaintiffs the option to terminate the agreement to purchase and acceptance of the $10,000 deposit as their remedy. They also assert that the court improperly ordered the attachment of escrow funds to satisfy the judgment, as this remedy was not petitioned for by plaintiffs. Because we find the plaintiffs failed to make out a prima facie case with competent evidence sufficient to confirm a default judgment of entitlement to specific performance of the purchase agreement and damages, we pretermit detailed discussion of the obvious procedural irregularities in the default judgment.[1]

SUFFICIENCY OF THE EVIDENCE
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702. The plaintiff has the burden of establishing a prima facie case by proving with competent evidence the essential elements of his claim as fully as if each of the allegations of the petition had been specifically denied. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La. 1993); Grevemberg v. G.P.A. Strategic Forecasting Group, Inc., XXXX-XXXX, p. 6 (La. App. 1st Cir. 2/9/07), 959 So.2d 914, 917. In other words, the plaintiff must present competent evidence that it is probable he would prevail in a trial on the merits. Grevemberg, XXXX-XXXX at p. 6, 959 So.2d at 917-918.
When reviewing a default judgment, this court is restricted to a determination of the sufficiency of the evidence offered in support of the default judgment. Id. Therefore, we must examine the record to determine whether plaintiffs presented competent evidence to establish a prima facie case as to the breach of contract and damage claims.
In order to obtain the right of specific performance, the reciprocal consent of both parties as to the thing, the terms, and the price must be shown, and the contract must specify the right to demand specific performance. Boudreaux v. Vankerkhove, 2007-2555, p. 7 (La. App. 1st Cir. 8/11/08), ___ So.2d ___ ____. Additionally, the parties seeking the remedy must present evidence establishing that they had fulfilled their obligations under the contract in order to meet the burden of proof. Boudreaux, 2007-2555 at p. 9, ___ So.2d at ___ Thus, to obtain a default judgment to enforce specific performance of the purchase agreement, plaintiffs had to offer evidence of a contract providing that each party had the right to specific performance, evidence demonstrating the reciprocal consent of both parties to the thing, terms, and price as well as the signatures of the parties, and evidence showing that they fulfilled their obligations under the contract. See Dunaway v. Woods, 470 So.2d 574 (La. App. 1st Cir. 1985).
After reviewing the record, we find that plaintiffs failed to submit sufficient evidence that defendants breached the purchase agreement. Mr. Maloney merely testified that the sale of the property was never closed. However, he did not attest that he complied with all of the provisions of the contract and offered no reason why the sale was not completed by the date set forth in the purchase agreement. Plaintiffs did not provide any testimony establishing that they were willing and able to proceed with the closing according to the terms of the amended purchase agreement and did not show that defendants were unwilling to proceed with the sale of the property. Instead, Mr. Maloney's testimony that Ms. Andrews deposited $119,000 with a real estate agency in connection with the sale indicates that Ms. Andrews was attempting to purchase the property.
Additionally, the final amended purchase agreement lists a different purchaser, Spinata Properties, L.L.C., than listed on the original purchase agreement. While Mr. Maloney testified that the document indicated Ms. Andrews signed this amendment on behalf of Spinata Properties, L.L.C., there is no evidence demonstrating Ms. Andrews' relationship to Spinata Properties, L.L.C., or that she was authorized to bind Spinata Properties, L.L.C. to the purchase agreement. In the absence of such evidence, it is unclear whether Ms. Andrews or Spinata Properties, L.L.C. is the purchaser of the property, and thus, the trial court could not with legal certainty determine the proper party against whom the remedy of specific performance would lie.
In light of the foregoing, we conclude that the record does not contain sufficient evidence to prove a prima facie case on the specific performance demand. We further find the evidence on the damage claim to be woefully inadequate and insufficient to establish a prima facie case for treble damages based on the wrongful and intentional removal of trees pursuant to La. R.S. 3:4278.1. The estimates offered into evidence by plaintiffs to establish the value of the removed trees and the costs related to removing the stumps were introduced without foundation and are inadmissible hearsay. See Thompson v. Simmons, 499 So.2d 517, 519 (La. App. 2nd Cir. 1986), writ denied, 501 So.2d 772 (La. 1987); Henderson v. Diamond Datsun, Inc., 413 So.2d 542, 545 (La. App. 4th Cir. 1982). Hearsay evidence is not considered competent evidence in establishing a prima facie case sufficient to confirm a default judgment. Sunbelt-UBI Business Brokers, Inc. v. Lankford, XXXX-XXXX, p. 6 (La. App. 5th Cir. 5/26/04), 875 So.2d 984, 987. Therefore, because the damage awards were not supported by competent evidence to confirm the default judgment, the treble damage award of $145,335 and the award for stump removal in the amount of $4,500 must be reversed.
Because plaintiffs did not establish a prima facie case of breach of contract entitling them to specific performance or for damages based on the removal of trees from the property, the award for attorney fees, court costs, and the attachment of funds held in escrow to satisfy the damage award must necessarily be reversed. Accordingly, we reverse the October 29, 2007 default judgment granted in favor of plaintiffs and against defendants in its entirety, and we remand the matter to the trial court for proceedings consistent with this opinion.

CONCLUSION
Based on the foregoing, the October 29, 2007 default judgment is hereby reversed, and the case is remanded to the trial court. All costs of this appeal are assessed to appellees, Craig and Sandra Maloney.
REVERSED AND REMANDED.
NOTES
[1] We note that it is inherently inconsistent to order both specific performance and award damages for wrongful tree removal pursuant to La. R.S. 3:4278.1. We further note that the judgment glaringly violates the mandate in C.C.P. art. 1702 that the default judgment not be different in kind from that demanded in the petition in two respects. The attachment ordered in the judgment was not requested in the petition, and the plaintiffs did not seek to retain the deposit in the petition. Moreover, allowing the plaintiffs to choose between the remedies of specific performance and retention of a deposit clearly violates the principle that judgments be precise, definite and certain. See In re Succession of Wagner, XXXX-XXXX, p. 22 (La. App. 1st Cir. 8/8/08), So.2d and cases cited therein.